FLORIDA CLAY COMPANY, A CORPORATION, *Appellant,* v. FRANCIS VAUSE, TRUSTEE, AND CHARLES S. EDGAR, *Appellees.*

### EQUITY—BILL TO CANCEL MORTGAGE—DEMURRER.

Where a bill in equity, filed by a party claiming under foreclosure sale under an admittedly second or junior mortgage, seeks cancellation of the first or senior mortgage upon the ground that the board of directors of the corporate mortgagor who authorized its execution were illegally elected at a meeting of stockholders, because at said meeting a large part of the stock voted belonged to a married woman who was not present at said meeting, and because at the stockholders meeting that ratified the action of said board of directors touching the execution of such mortgage said stock of such married woman was voted, when she was not present, by some unnamed person claiming to act for her under a power of attorney, a demurrer to such bill is properly sustained, such bill failing to allege that the said stock of the married woman was in fact voted at said meetings without any authority from her, even if it be permissible for parties claiming under an admittedly junior or second mortgage to urge such matters as a defense to, or in assault upon, a prior mortgage securing bonds in the hands of an innocent third party who acquired them for value, before maturity and without notice.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Lake county.

The facts in the case are stated in the opinion of the court.

*Wm. Hocker,* for Appellant;

*T. E. Wilson,* for Appellees.

TAYLOR, J.—The appellant as complainant below filed its bill of complaint in the Circuit Court of Lake

county in equity against the appellees, alleging and praying therein as follows:

"Florida Clay Company, a corporation organized and existing under the laws of the State of Florida, brings this its bill of complaint against Francis Vause, Trustee, and Chas. S. Edgar of Putnam county, Florida, defendant. And thereupon your orator complains and says:

(1)    That on the 1st day of August, 1902 International Kaolin Company, a corporation organized and existing under the laws of the State of New Jersey, was seized and possessed of all the lands described in a certain deed of trust of date 1st day of August, 1902, hereinafter referred to as the first trust deed, which said deed of trust was acknowledged and delivered upon the 4th day of August, 1902, and which said deed of trust was filed for record in the office of the Clerk of the Circuit Court of Lake county, Florida, on the 6th day of August, 1902, and recorded in Mortgage Book 17, at pages 28 to 35, inclusive, of the Public Records of Lake county, Florida; that the said deed of trust, made and recorded as aforesaid, was executed to City Trust Company of New York, as trustee, and therein recites that it was given to secure the payment of certain bonds to be issued by the said International Kaolin Company, aggregating the sum of Fifty Thousand Dollars ($50,000.00); that by the terms of the said deed of trust, certain provisions were made for the substitution of a new trustee in the place and stead of said City Trust Company of New York, upon certain contingencies therein provided; that the defendant Francis Vause, claiming to act as trustee under the said deed of trust, and claiming that he has been appointed as such trustee under the said deed of trust in the place and stead of said City Trust Company, and claiming that said bonds were issued and delivered by said International Kaolin Company, has filed his bill

in this court for the foreclosure of the said deed of trust alleging default in the payment of the interest upon said bond, and alleging in the default which, under the terms of the said deed of trust, would render any debt thereby secured due and collectible ; that the said bill for the fore-closure of the said trust deed was filed by the said defend-ant on the 30th day of March, 1906, but that no lis pen-dens notice was filed in said cause until long after the institution of said suit, and no valid or sufficient lis pendens notice has ever been filed or recorded as re-quired by law, but that the lis pendens notice which the said defendant did file in said suit is wholly void and in-effectual because same did not contain the names of the parties to said suit or other sufficient description of said cause as required by law.

(2)    That after the execution of the said trust deed described in Paragraph 1 of this bill, to wit: in January, 1903, said International Kaolin Company executed and delivered another trust deed, hereinafter called the second trust deed, to secure the payment of certain bonds therein described; that said second trust deed was also made to said City Trust Company of New York, and also contained certain provisions for the selection of a new trustee; that the bonds mentioned and referred to in said second trust deed were issued by said International Koa-lin Company, and default occurred in the payment of the same or the interest thereon, and default occurred under the terms of the said second trust deed whereby the en-tire debt due and secured under said second trust deed became due and collectible, and one Frank B. Colton was appointed trustee thereunder in lieu of said City Trust Company, and said Frank B. Colton prior to the date of the institution of the said suit by the defendant instituted his suit in this court on the chancery side thereof, for the foreclosure of said second trust deed, which said second

trust deed embraced all of the property described in the said first trust deed, all which property is located in Lake county, Florida, and in the said suit so instituted by the said Frank B. Colton for the foreclosure of the said second mortgage said International Kaolin Company was made a party defendant, as well as all other parties claiming any interest in the said lands subsequent to the date of the execution of the said second trust deed; that in said cause all defendants therein were duly served with process, or service by publication was perfected upon them, and thereafter a decree was pronounced by this court in said cause, in favor of the said Frank B. Colton, Trustee, by the terms of which decree all of the lands described in said second trust deed were condemned to be sold by a special master of this court to satisfy the debt ascertained by the terms of the said decree to be due, which said decree was duly enrolled and entered as a decree of this court, and that pursuant to such final decree all of the property described therein, being the same property described in the said second trust deed and also in the said first trust deed, was sold on the Rule Day in January, 1907, by the Special Master appointed in said decree to one Arthur Kennedy, and thereafter the said sale so made by said Special Master to the said Arthur Kennedy was duly confirmed by order of this court; and that thereafter the said Special Master executed and delivered to the said Arthur Kennedy a deed of conveyance whereby all the lands and property described in the said final decree was conveyed to the said Arthur Kennedy; and thereafter the said Arthur Kennedy and wife executed and delivered to your orator a deed of conveyance to all of the lands and property described in the said final decree, and placed your orator in possession of all of said lands, and that your orator is now in the possession of all of the said lands, and has been in possesion of same

since the 30th day of September, 1907, and has erected thereon valuable buildings, set up and is operating valuable machinery, and has constructed and is now operating a plant for the mining and preparation for market the kaolin deposit upon said lands for which same is chiefly valuable, and that your orator and the said Kennedy since January, 1907, have in this behalf expended more than the sum of fifty thousand dollars ($50,000.00) in the construction of a mining plant upon said property; that your orator's only source of title to the said land comes by and through the said second trust deed so executed by the International Kaolin Company, and that your orator is now seized and possessed of all of the said lands described in said decree, and in said second trust deed, and that the only interest or claim in or with respect to said lands which the said defendant has, if any he has, is by and under the said trust deed, described in the first paragraph of this bill, so claimed to be executed by the said International Kaolin Company.

(3)    That the said trust deed described in the first paragraph of this bill purports to have been executed by said International Kaolin Company, or by some pretended officers thereof, by authority of a resolution alleged to have been adopted by the Board of Directors of said International Kaolin Company, which resolution it is alleged was ratified by a resolution adopted at the stockholders meeting of said International Kaolin Company; that in truth and in fact no valid directors' meeting was ever held to authorize the execution of said first trust deed, and no valid stockholders meeting was ever held to ratify said alleged act of such directors; that at the time of the execution of the said first trust deed, and at the time of the alleged stockholders' meeting and directors' meeting therein referred to there was outstanding stock of said International Kaolin Company to the extent of

ten thousand shares (10,000) of the par value of One
Hundred Dollars each, and that at such time, and for
a long time prior thereto, one Lida Haines, a married
woman the wife of one Charles D. Haines, was the
owner of four thousand two hundred nineteen (4,219)
shares of the capital stock of said International Kaolin
Company; and that each and everyone of the directors
who participated in the said directors' meeting at which
said first trust deed was authorized, were elected by the
vote of said 4,219 shares so owned and standing in the
name of the said Lida Haines, and that the said Lida
Haines was, not present and did not participate in any
meeting at which said directors or any of them were
elected, but that for every such director her said stock
was voted by and under authority of a person claiming
to act as attorney-in-fact for the said Lida Haines, and
that without said stock of said Lida Haines no one of
said directors would have been elected, and in fact, that
without said stock of said Lida Haines there never would
have been a quorum present at any stockholders' meeting
at which said directors were elected; that at the alleged
stockholders' meeting referred to in the said first deed
of trust, at which it is alleged the said resolution of the
board of directors was ratified, the said 4,219 shares of
said capital stock so belonging to Lida Haines was also
voted for said resolution, and counted as being present,
although the said Lida Haines was not present in person
at said meeting, and although she was then and there a
married woman, and although some person appeared
there merely claming to represent her under some alleged
power of attorney, signed by her, and although her said
shares of stock were then and there necessary to consti-
tute a quorum for the transaction of business, yet, not-
withstanding the facts aforesaid, the said 4,219 shares
owned by the said Lida Haines, was voted and counted as

favoring the adoption of the said resolution referred to in said first deed of trust, without which same was not and could not have been adopted, as there were only 7,-508 shares voted for said resolution, which number included said 4,219 shares; that the said 4,219 shares of stock in said International Kaolin Company was held by the said Lida Haines from the organization of said company until the 9th day of October, 1902, upon which date last named same was by and with the consent of her said husband, Charles D. Haines, and by an instrument in writing executed by the said Lida Haines and her husband transferred to W. Frank Holsapple, Frank B. Colton and Charles D. Haines, as trustees, and that the said Lida Haines was never present at, nor did she ever participate in any meeting of the stockholders or directors of said International Kaolin Company prior to said date last named, and that at all such meetings the said stock held by her was counted as being present and was voted in favor of and was necessary to the passage of all resolutions passed and elections had at any and all stockholders' meetings of said International Kaolin Company; that neither by the laws of the State of New York, nor by the laws of the State of New Jersey, nor by the laws of the State of Florida, was a married woman at any time prior to the 6th day of August, 1902, authorized to give proxy or appoint an attorney in fact to vote corporate stock which might belong to her. Wherefore your orator shows that all of the pretended proceedings had either by the directors of the said International Kaolin Company or the stockholders of said company to which reference is made in said first deed of trust were wholly void and ineffectual, as will appear by the record of the minutes of the said proceedings.

(4) That said International Kaolin Company was incorporated under the laws of the State of New Jersey,

but that in truth and in fact said company never owned any property in the State of New Jersey, and other than procuring said charter never did any business in said State, and that all corporate meetings of said company both directors' meetings and stockholders' meetings held prior to said 6th day of August, 1902, were either held in the State of New York, or in the State of Florida, and that all property owned by the said International Kaolin Company was situated in the State of Florida, and that although incorporated in the State of New Jersey, it was incorporated there for the purpose of doing business exclusively in other States. Wherefore your orator shows that same was a mere tramp corporation, not entitled to be recognized as a corporation.

(5) Your orator shows that the said defendant, Francis Vause, is now prosecuting a suit for the foreclosure of the said first trust deed, as described in paragraph 1 of his bill against International Kaolin Company, Frank B. Colton, Trustee, and other defendants, in which bill the defendant is asserting the validity of the said first trust deed, and claiming that the same constitutes a lien upon the lands so owned by your orator, greatly to the prejudice and injury of your orator, and therein claims that Charles S. Edgar is the owner of all the alleged outstanding bonds described in said first trust deed; that the said trust deed which the said defendant is seeking to foreclose is fair and regular upon its face, and purports to create a valid lien upon your orator's lands, but by reason of the facts above stated, same is, as your orator charges, void and of no effect, but standing of record same constitutes a cloud upon your orator's title to said lands.

(6) That the charter of said International Kaolin Company was on the 2nd day of January, 1907, duly revoked by proclamation of Edward C. Stokes, Governor

of the State of New Jersey, for the non-payment of corporate taxes, all of which was done in accordance with the laws of the said State of New Jersey.

(7) That the said resolution of the board of directors and stockholders alleged to have been passed, and which are incorporated in said trust deed described in said first paragraph of this bill, purport to authorize the officers of said company to issue Fifty Thousand Dollars ($50,-000.00) in bonds of said company and set out in detail just how said bonds shall be issued and numbered, but that in truth and in fact no such bonds were ever issued in conformity with the requirement of the resolution copied in said deed of trust, but through some means unknown to your orator some party or parties obtained possession of an alleged issue of Forty Thousand Dollars in bonds purporting to be the bonds of said International Kaolin Company, which bonds bear some features of resemblance to those described in the said deed of trust, but your orator charges that there is no valid outstanding obligation of International Kaolin Company for which said deed of trust described in the first paragraph of this bill could justly or fairly be considered as given to secure, by reason of which fact, and notwithstanding same purports to be a charge against your orator's land, your orator says that it is entitled to a cancellation of said deed of trust, as a cloud upon your orator's title.

(8) That by the terms of the said trust deed described in the first paragraph of this bill, it was expressly stipulated that said City Trust Company should not be answerable for any act, default, neglect or misconduct of any of its agents or employees, or in any other manner answerable or accountable under any circumstances whatsoever, except for bad faith, and that the said trustee assumed no responsibility for the correctness of any reci-

tals in the said trust deed or the bonds, or with respect to their authorization or otherwise.

(9)    The premises considered, your orator prays that the said deed of trust of date the 1st day of August, 1902, made by and between International Kaolin Company, a corporation under the laws of the State of New Jersey, as parties of the first part, and City Trust Company, of New York, as party of the second part, which deed of trust was filed on the 6th day of August, 1902, and recorded in Mortgage Book 17, at pages 28 to 35, both inclusive, of the public records of Lake county, Florida, may be set aside and cancelled as constituting a cloud on your orator's title; that your orator may have such other and further relief as equity may require, and unto the court may seem meet; that the said deed of trust last above described, being the same deed of trust referred to in the first paragraph of this bill may be declared to be void and of no effect, and set aside as a cloud upon your orator's title, and that upon the coming in of the proofs in this cause the defendant and all persons claiming by, through or under him may be perpetually enjoined from asserting any rights under or with respect to said deed of trust last above described.

To this bill the defendants interposed a general demurrer for want of equity, which demurrer upon argument was sustained by the court, and the complainant declining to amend, the said bill was dismissed, and for review of this ruling the complainant appeals to this court.

The defendant's demurrer to the bill was properly sustained. On its face the bill shows that the complainant purchased the property in question through a foreclosure decree of a junior or second mortgage with full notice from the public records of the existence of the senior or first mortgage executed by the same mortgagor

under whom he claims. The substance of the assault made by the bill on the first mortgage sought thereby to be cancelled as a cloud on complainants' title is, that the Board of Directors of the corporate mortgagor who directed the execution of said first mortgage were illegally chosen in this that at the stockholders' meeting at which they were elected 4,219 shares of the capital stock of said company that was owned by one Lida Haines, a married woman, were voted for such directors and that said Lida Haines was not present at said meeting, but that her said stock was voted by and under authority of a person claiming to act as her attorney in fact, and that at the stockholders' meeting, that ratified the resolution of the board of directors for the execution of such first mortgage the said shares of said Lida Maines, were also voted when she was not present, but were voted by some person who appeared there claiming to represent her under some alleged power of attorney signed by her. It will be observed that nowhere in the bill is it alleged that the unnamed person who at said meetings voted the stock of said Lida Haines did not in fact have full authority to so vote the same, or that the alleged power of attorney from her under which he acted was not genuine or was fraudulent. Under these allegations no defect in said first mortgage is shown to exist, even if it were permissible for parties claiming under an admittedly junior or second mortgage to urge such matters as a defense to, or in an assault upon, a prior mortgage securing bonds in the hands of an innocent third party who acquired them for value before maturity and without notice. The bill alleges nothing that would justify a court of equity in cancelling or annulling the mortgage assailed thereby, and the decree appealed from is hereby affirmed at the cost of the appellant.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur.

HOCKER, J., not participating, and PARKHILL, J., absent on account of illness.