YOUNG v. McKEE.

MARTIN Ch. J. and CHRISTIANCY J. concurred.

---

### Archibald Young v. Catharine McKee and Frederick McKee.

*Foreclosure of mortgage by assignee thereof—proof of assignment.* — Where in a bill for foreclosure of a mortgage the complainant averred the mortgage to have been duly assigned to him, and the answer of the defendants was silent on the point, and based the defence solely on the ground of the infancy of the mortgagor, and there was no evidence of the assignment except that contained in the record of a prior cause, which was put in evidence by consent, wherein the former owner of the mortgage had testified that the mortgage was assigned to the complainant; the Court *held* that under the circumstances complainant was entitled to the most liberal construction of the evidence as to the assignment, and no objection to such evidence having been made for incompetency, it was sufficient to establish the fact of the assignment.

*Mortgage by infant — Affirmance.* — Where land is conveyed and a mortgage taken back for the purchase money, the deed and mortgage together constitute but one transaction, and the title only passes by the deed subject to the mortgage. And where the grantee in such case is an infant, he may disaffirm the deed on coming of age, but by retaining the land he affirms the mortgage.

*Practice — Production of notes and mortgage in foreclosure suits.* — In a suit for the foreclosure of a mortgage, no decree should be rendered without the production in court of the notes and mortgage, as evidence of complainant's right, or an excuse shown for not doing it.

YOUNG v. McKEE.

*Foreclosure — notes and mortgage not produced — correction after appeal.* — Where on an appeal from a decree of foreclosure it appeared that the notes and mortgage were not produced and filed in the Court below, this Court, in affirming the decree, ordered that before entering such decree the complainant should produce and file these papers in this Court; or, if they were lost, should satisfactorily account for them by affidavits.

*Heard October* 12. *Decided October* 31.

Appeal in Chancery from St. Clair Circuit.

The facts are sufficiently stated in the opinion.

*Conger & Harris* and *William T. Mitchell,* for complainant.

*D. C. Holbrook,* for defendants.

COOLEY J.:

The complainant filed his bill to foreclose a mortgage given by the defendant Catharine McKee to Malcom Cameron, for the difference between certain lands exchanged by said Cameron with Frederick McKee, the other defendant. McKee, instead of taking a conveyance of the Cameron lands to himself, caused them to be deeded to said Catharine, who is his wife; and she united with him in notes for the difference agreed to be paid to Cameron, and the mortgage in controversy was given to secure these notes. In the bill, complainant avers that the mortgage and notes were assigned by Cameron to Henry Wilcox, and by said Wilcox to complainant; and he claims the benefit of an equitable lien on the premises as fully and completely as though no mortgage had been executed.

Frederick McKee has allowed the bill to be taken as confessed by him; but Catharine appeared and answered, admitting the execution of the notes and mortgage, but averring that she was at the time an infant, and she now disaffirms the same, and claims the benefit of a demurrer to all that part of the bill which claims a lien on the premises. The answer is silent on the

13 MICH. — 2J.

subject of the assignments. The Court below adjudged an equitable lien to exist for the purchase money represented by the notes and mortgage, and the defendant Catharine appealed.

It is objected in this Court that the record discloses no proof of any assignments of the mortgage and notes, and consequently complainant has failed to establish his title thereto. It is very apparent from the record that the contest in the Court below was on the question of infancy alone; and the answer making no response to the allegations of the bill relative to the assignments, it is quite probable that the rule that nothing is admitted by an answer in chancery unless expressly admitted, (*Morris v. Morris*, 5 *Mich.*, 171; *Morris v. Hoyt*, 11 *Mich.*, 9,) was overlooked by the complainant's counsel. Indeed, the answer was well calculated to lead the opposite party to suppose that no question was to be made of complainant's right to the papers; and we think, therefore, that he is entitled to the most liberal construction of any evidence appearing in the case bearing upon that point.

The only evidence which appears is contained in the record of a prior cause, wherein Mrs. McKee was complainant, and Henry Wilcox and Asa D. Dickinson were defendants, which was put in evidence by consent. In that case, Wilcox was sworn as a witness; and in speaking of the mortgage now in controversy, he said: " I subsequently became the owner of the Cameron mortgage, and I sold it, and proceedings have been taken to foreclose it." Again he says: " The mortgage was assigned to Mr. Young, as security for whatever I traded with him." No objection was made to this evidence for want of competency; and as a sale with mere delivery would have passed the mortgage title, (*Dougherty v. Russell*, 3 *Mich.*, 581,) we may fairly consider this evidence sufficient to show the transfers, provided it sat-

isfactorily identifies the last assignee. The only difficulty in that respect is, that Wilcox, in his testimony, had named two Mr. Youngs — Archibald and E. J. — and he does not positively indicate which of the two was his assignee of this mortgage. In the same connection, however, he speaks of another mortgage being transferred to Mr. Young — evidently referring to the same Mr. Young to whom he had assigned; and as, in another part of his testimony, proceedings in chancery in reference to that mortgage are mentioned, to which Archibald Young is a party, the inference that he is the person intended at this point is so strong that we think we are warranted in acting upon it in this case. If defendant doubted his being the real assignee of the demand, she had an opportunity to make the proof more definite upon the point; but having waived any contest in regard to it in the Court below, and left the other party to suppose that she was satisfied in that particular, we do not think she has a right to require us to be very critical in our examination of the evidence on this appeal.

The question upon the merits is, whether complainant has any lien upon the premises described in the mortgage for the amount due on the notes. The evidence establishes the fact that Mrs. McKee was under the age of twenty-one years when the mortgage was given, and by her answer she places herself in the position of claiming the benefit of the deed which conveyed the land to her, and at the same time repudiating the mortgage. The Court below arrived at the conclusion that if she thus disaffirmed the mortgage, the vendor's equitable lien must be regarded as attaching to the land, and that it might be enforced in favor of complainant in this suit.

If, in fact, the mortgage is disaffirmed by the answer, there is considerable authority in favor of the conclusion

of the Court below; and there is also very much authority against it. We do not think it important, however, to go into an examination of the question, as we are satisfied the mortgage is affirmed by the conduct and answer of Mrs. McKee, and that a decree should be entered upon it for the amount due.

. Where land is conveyed, and a mortgage taken back for purchase money, the deed and mortgage together constitute but one transaction, and the title only passes by the deed subject to the mortgage. It is upon this principle that a wife need not sign a mortgage given for purchase money, since the right of dower only attaches to the equity of redemption. If the grantee in the deed is an infant, he has an undoubted right to disaffirm the purchase on coming of age; but he cannot disaffirm it as to that part which imposes a burden upon him, and affirm it in so far as he reaps a benefit. Mrs. McKee, who is now of age, sees fit to affirm the deed and retain the land; and by so doing she affirms the mortgage also. — *Lynde v. Budd,* 2 *Paige,* 191; *Altman v. Mock,* 3 *Sandf. Ch.,* 431; *Bigalow v. Kinney,* 3 *Vt.,* 353; *Richardson v. Bright,* 9 *Vt.,* 368; *Robbins v. Eaton,* 10 *N. H.,* 562; *Hubbard v. Cummings,* 1 *Greenl.,* 11; *Dangs v. Coombs,* 6 *Greenl.,* 89.

There is an omission in the proceedings of the Court below, which was not pointed out on the argument, but which we deem it proper to mention, as the question of practice is important. The notes and mortgage do not seem to have been produced and filed in the Court when the decree was rendered. The omission may have occurred in this case in consequence of the answer's admitting the notes and mortgage, so that a reference to a commissioner, and a report from him, were dispensed with. But this evidence of complainant's right at the time the decree is rendered should always be given, or an excuse shown for not doing it; and, before entering

YOUNG *v.* McKEE.

final decree, we shall require the complainant to produce and file these papers in this Court; or, if they are lost, or for any other reason cannot be produced, to satisfactorily account for them by affidavit. When that is done the decree may be entered, in substance affirming the decree of the Court below, though modified in its recital to correspond with this opinion; awarding costs of both Courts to complainant, and remitting the cause to the Court below for further proceedings.

MARTIN Ch. J. and CHRISTIANCY J. concurred.

CAMPBELL J., *dissenting:*

I concur in the opinion that the land in the hands of Mrs. McKee is held subject to the purchase money incumbrances. But while the objection to the want of proof of the assignment of the note and mortgage is, under the circumstances, not peculiarly meritorious, I do not think we can avoid its force. The bill alleges written assignments from Cameron to Wilcox, and from Wilcox to Young. Parol proof is not admissible to establish these, and especially so where the proof is ambiguous. But aside from this, I deem the rule requiring the documentary proof of right to be produced before decree to be something more than a technical one. The Court should have the papers before it, in order to be sure that the right continues in the complainant. If this is so, it should have been made an exhibit to entitle it to be read at the hearing in the Court below, as I doubt very much our right to act upon what was not before that tribunal. I should be glad to concur with my brethren in what I feel to be no more than justice, if I could see my way clear to allowing the omission in proof to be corrected here.