JAMES LENFESTY AND ANNA S. LENFESTY, APPELLANTS, VS. BURTON E. COE., APPELLEE.

1. Where a note or bond secured by a mortgage contains the only apparent evidence of the debt to which the mortgage is collateral, such note or bond must be produced at the hearing or its absence properly accounted for. The reason for the rule requiring the production of the securities at the hearing is that the possession of the collateral security alone furnishes no conclusive evidence of the ownership of the debt thereby secured, and a proper transfer of the latter would entitle the possessor to the collatteral security.

2. Where the debt evidenced by a note or bond and secured by a mortgage sufficiently appears from the terms of the mortgage alone, the rule seems to be that a decree of foreclosure may be granted on the production of the mortgage.

3. The proceedings in a chancery cause after a decree *pro confesso* regularly entered are *ex parte,* and a party in default will not be entitled to notice; but while such proceedings are *ex parte,* the final decree must be such as the complainant is entitled to on his bill, and a decree *pro confesso* on a bill to foreclose a

mortgage will not dispense with the production on final hearing of the mortgage securities, where they are the only evidence of complainant's right to recover.

4. C filed a bill against L and wife to foreclose a mortgage, alleging that C was the assignee of the note and mortgage sought to be foreclosed, as would appear by the note ready to be produced in court, a copy of which was filed with the bill. The copy filed did not show any endorsement or transfer to C. A decree pro confesso having been regularly entered against L and wife, the case was referred to a master to state an account, and the master reported that he had examined the note and mortgage attached to the bill and found a certain sum due C. The report, which did not show the production of the original note or evidence of transfer, was confirmed and a decree of sale ordered, from which L and wife appealed: *Held*, That C should have produced the original note before the master as evidence that he was still the assignee and holder thereof, and that it was error to proceed to final decree without the production of such note: *Held further*, That L and wife were not precluded by reason of the default against them from insisting on such error.

Appeal from the Circuit Court for Hillsborough county.

*Phillips & Carter*, for Appellants.

*Wall & Knight* for Appellee.

MABRY, J.:

A statement of this case will be found in the decision of Lenfesty vs. Coe, 26 Fla., 49, 7 South. Rep., 2. After the decision referred to was made, appellants dismissed their appeal entered therein, and on the 3rd day of February, 1890, entered another appeal from the decree rendered in the cause on the 31st day of July, 1889, and all subsequent orders therein, and the matters presented for our consideration arise on this last appeal.

The mortgaged premises were conveyed to Joshua L. Coe, mortgagee, upon the following condition, *viz:* "Provided always, and these presents are upon this express condition, that if the said parties of the first part, their heirs, executors or administrators, shall pay to said party of the second part, his executors, administrators or assigns, a certain promissory note, which is in the words and figures following: $1,500. On or before one year after date we promise to pay Joshua L. Coe, or order, the sum of fifteen hundred dollars, with interest at the rate of 12 *per cent. per annum*, payable quarterly in advance, on the 10th days of April, July, October and January, and until paid.

A. S. LENFESTY,

JAMES LENFESTY."

Provision was made in the mortgage for payment by the mortgagors of taxes on the mortgaged premises, insurance policies on a house situated thereon, and attorneys' fees in case of foreclosure, and a covenant that the mortgagors "shall pay all the moneys secured by this mortgage at the time and in the manner herein specified." The original mortgage and a copy of the note incorporated therein were attached as exhibits to the bill, and it is alleged that "on the 26th day of November, A. D. 1888, the said Joshua L. Coe endorsed the said note given to him by the said James Lenfesty to the order of your orator, and delivered the said note, and the said mortgage which secured the same, to your orator, as said endorsement will more fully appear by said note, ready to be produced in court as aforesaid, a copy of which is hereto attached as above set forth." A decree *pro confesso* was entered against the respondents and the cause referred to a master to report the amounts due the complainant and such re-

port having been made, a decree was made July 31st, 1889, confirming the report, and ordering a sale of the mortgaged premises to pay the amounts reported as due. The master states in his reports that he had examined the note and mortgage attached to the bill and found the sums as reported due from the defendant James Lenfesty to the complainant.

Counsel for appellants say in their brief that "the assignments of error present but one material error, that is the error committed by the master in ascertaining and reporting the indebtedness due from the defendants to complainant from the copy of the note attached to the bill, without any evidence offered of the loss of the original, and that the court erred in its decree in confirming said report without requiring the production of the original note, or some evidence of its loss." The only objection, then, to the decree claimed to be material consists in the alleged fact that the record shows the absence of the original note when the master made his report and when it was confirmed by the court, and this it is insisted is reversible error. On the contrary it is contended, first, that as the case proceeded under a default, made absolute under the rule, the irregularity in failing to produce before the master the original note can not be questioned by the respondents; and, in the second place, conceding that such an objection is open to them, the fact that the note is copied into the mortgage with the covenants therein in reference to the payment of the moneys secured, renders the production of the original note before the master immaterial.

It is well settled by the authorities that where a personal obligation, such as a note or bond, aside from the mortgage, has been given by the debtor, it must be produced at the hearing, or its absence properly ac-

·counted for.   This is undoubtedly true where the note ·or bond accompanying the mortgage cantains the only apparent evidence of the debt to which the mortgage is collatteral.   Bergen vs. Urbahn, 83 N. Y., 49; Munoz vs. Wilson, 111 N. Y., 295; Young vs. McKee, 13 Mich., 552; Hungerford vs. Smith, 34 Mich., 300; Mickle vs. Maxfield, 42 Mich., 304; George vs. Ludlow; 66, Mich., 176; Lucas vs. Harris, 20 Ill., 165; Dowden vs. Wilson, 71 Ill., 485.   In George vs. Ludlow, *supra*, it was held that a decree will not be made on the foreclosure of a mortgage without the production of the securities, unless their absence is accounted for by clear and conclusive proof.   And in Dowden vs. Wilson it is said:   "A promissory note is a negotiable instrument—the ownership and title could be changed by endorsement.   The fact that the defendants admitted in their answer that they executed the notes and mortgage, did not show that complainant, at the time of the trial, owned and had the right to a judgment thereon."   The theory upon which this is required, as stated in Munoz vs. Wilson, *supra*, is that the possession of the collateral security alone furnishes no conclusive evidence of the ownership of the debt secured thereby, as it is the mere incident of the bond, and, *non constat*, the bond may have been transferred to another party, who, in that event, would be entitled to the possession of the collateral security.   Where the debt evidenced by the note or bond sufficiently appears from the terms of the contemporaneous mortgage alone, it is held that this is sufficient to entitle the mortgagee to a judgment of foreclosure; and in Plyler vs. Elliott, 19 S. C., 257, and Smith vs. Smith, 27 S. C., 166, it was decided that where a debt secured by a mortgage properly recited therein was made void by reason of a material alteration, the mortgage itself

was not avoided, but was a valid security for the debt therein recited, and could be enforced. Our court has held that a suit in equity to foreclose a mortgage will be sustained notwithstanding an action at law upon the note secured by the mortgage is barred by the statute of limitations. Browne vs. Browne, 17 Fla., 607. We do not think appellants are precluded by reason of the decree *pro confesso* from objecting to the production of the mortgage securities before the master or at the hearing of the cause. The proceedings in a chancery cause after a decree *pro confesso* regularly entered are *ex parte*, and the party in default will not be entitled to notice of them; but while such proceedings are *ex parte*, the final decree must be proper and consequent upon the case made in the bill. Garvin vs. Watkins, 29 Fla., 151, 10 South. Rep., 818, and authorities there cited. It was true that the cause proceeded *ex parte* as to the respondents here, but complainant should have had only such decree as he was entitled to under the allegations of his bill. It is alleged that the note secured by the mortgage was endorsed by the payee to complainant as will appear by the note itself, ready to be produced to the court. The copy of the note filed as an exhibit to the bill does not show any endorsement, and the only proper evidence that such endorsement was made is the note itself, or secondary evidence of its contents if lost. The mortgage contains covenants to pay the debt represented by the note to Joshua L. Coe, the alleged assigner of complainant, but does not contain any evidence whatever of the assignment alleged. The decree *pro confesso* can not be extended to a confession of ownership of the note in complainant up to the time of the master's report and the confirmation thereof by the court, and the authorities above cited

sustain the view that a production of the note or securities at the hearing is essential to show complainant's right to judgment then.    Complainant based his right to foreclose the mortgage upon the endorsement of the note by the payee named therein, and a production of the note before the master was essential, we think, to the entry of the decree in favor of complainant.    The master's report shows that he examined the note filed as an exhibit to the bill, which was a copy of the original, and there is nothing in the record to show that the original note was produced, or its absence accounted for.    The master's report should show the production of the original note.    In Young vs. McKee, *supra*, the complainant filed a bill to foreclose a mortgage, claiming as assignee of the notes secured by the mortgage.    The bill was filed against a husband and wife, joint-makers of the notes, and was taken as confessed as to the husband, and the wife in her answer made no response to the allegation of the assignment of the notes and mortgage.    It was held that it was incumbent upon complainant to prove the assignment alleged, and that the original notes and mortgages should have been produced on the final hearing.    The failure to produce the securities on the hearing was not pointed out in the argument of the cause in the appellate court, but it was taken notice of by the court, as a question of important practice.    It was said:    "But this evidence of complainant's right at the time the decree is rendered should always be given, or an excuse shown for not doing so."    Whether or not the covenants and recitals in the mortgage before us are sufficient of themselves to establish the indebtedness therein mentioned on the hearing, in favor of the mortgagee, Joshua L. Coe, were he the complainant,

24

we need not say. They afford no evidence that complainant, Burton E. Coe, was the endorsee of the note or owner of the note or mortgage when the decree was entered in his favor.

The decree will be reversed, and the cause remanded for further proceedings in accordance with proper rules of practice, and an order will be entered accordingly.