INTERNATIONAL KAOLIN COMPANY, A CORPORATION, AND OTHERS, *Appellants,* v. FRANCIS VAUSE, TRUSTEE, *Appellee.*

1. In a suit to enforce a mortgage, the defendant calling for proof, it is not enough that the bonds be physically before the master, they must be offered or received in evidence.

2. Objections to evidence are waived by failure to have a ruling thereon, but not a failure to offer evidence.

3. Where bonds are properly in evidence as to some parties, the fact that they are copied into the transcript raises no conclusive presumption that they were properly used in evidence as to all parties.

This case was decided by the Court En Banc.

Appealed from the Circuit Court for Lake County.

The facts in the case are stated in the opinion of the court.

*Hocker & Duval,* for Appellants;

*Thomas E. Wilson,* for Appellee.

### ON REHEARING..

COCKRELL, J.—From the former appeal in this case, 55 Fla. 641, 46 South. Rep. 3, and the kindred case of Florida Clay Co. v. Vause, 57 Fla. 407, 49 South Rep. 35, will be found much of the history of the case as it now stands.

Pending this foreclosure of mortgage and after much evidence had been taken, the holder of the legal title was made a party. It filed an answer in effect a general denial

506      SUPREME COURT OF FLORIDA.

International Kaolin Co. *et al.* v. Vause—Opinion of Court.

calling for proof, which included of course proof of the execution of the bonds secured by the mortgage. This defendant, though notified of. the hearing before the master, was not present and the taking of the evidence proceeded *ex parte.*

The report of the master is before us, and while we can glean from that report the physical presence of these bonds before him at the time, it does not appear that they were at any time offered or received in evidence. The absence of the party cannot place him in a worse position than if its counsel were silently present, and as there was no proffer of the bonds there was no dereliction in failing to interpose an objection to their introduction in evidence.

Under rule 18, objections to evidence not ruled upon by the chancellor before or at the final hearing are considered by this court as waived, but this rule does not cover an entire failure to proffer evidence. Nor does the further provision of the rule that every matter purporting to be evidence found copied by the clerk into the record will be presumed to have been used in evidence in the court below help the appellee. It appears affirmatively that the bonds were filed in evidence before the holder of the legal title was made a party and was therefore before the court as to all former parties. We have before us the master's report which from its silence shows affirmatively that the bonds were not re-offered, and the decree based thereon in no wise indicates that other evidence was taken.

We regret that we are compelled to reverse the decree in this prolonged litigation, but the failure to re-offer the bonds before the master deprived the holder of a substantial right that the rules of law permit him to assert.

If the new defendant desires a different master, it should apply to the Circuit Court therefor within ten days after the mandate is sent down.

Decree reversed.

WHITFIELD, C. J., and TAYLOR and SHACKLEFORD, J. J., concur;

HOCKER, J., did not participate.