J. CONRAD SCOTT, *Appellant*, v. EMMA H. TAYLOR, *Appellee*.

NEGOTIABLE NOTE—SECURED BY MORTGAGE—PAYMENT OF— TO WHOM MUST BE MADE TO BE EFFECTUAL.

1.  A mortgage executed as security for the payment of a negotiable promissory note is a mere incident of and ancillary to such note. When it comes to the payment thereof, the rights of the parties thereto, as well as of third persons, are governed by the rules relating to negotiable paper; in other words, payment to anyone other than the holder of the negotiable instrument is at the risk of the payer, and is binding upon the holder of the paper only where express or implied authority to receive such payment is established by the person making the same. Hence, payment of a negotiable note secured by mortgage by the mortgagor or his grantee, where made to the original mortgagee who is not in possession of the note and mortgage, is not binding upon an assignee thereof before maturity who was in possession of the papers

at the time of such payment, unless he had expressly or impliedly authorized such payment.

2. The duty of a maker of a negotiable note to see that the person to whom he pays it has it in his possession before making the payment is not affected by the fact that the note was on its face payable at the office of the person to whom he makes the payment.

3. The maker of a negotiable promissory note can satisfy it only by payment to the owner at the time of such payment, or to such owner's authorized agent. If the recipient of the money is not actually authorized, the payment is ineffectual, unless induced by unambiguous direction from the owner, or justified by actual possession of the note. This rule applies generally to all negotiable paper, independently of the existence of any mortgage or other security.

Appealed from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*R. P. Reese,* for Appellant;

*Blount & Blount & Carter,* for Appellee.

TAYLOR, J.—The appellee, Emma H. Taylor, filed her bill in equity in the Circuit Court of Escambia County for foreclosure of mortgage against the appellant, J. Conrad Scott and his wife Alice K. Scott, and the Pensacola Home & Savings Association, a corporation.

The bill alleged in substance that the said J. Conrad Scott being indebted to D. Hale Wilson in the sum of Four Hundred Dollars, executed and delivered to the said D. Hale Wilson his promissory note whereby he did promise to pay to the order of the said D. Hale Wilson

Four Hundred Dollars with interest at the rate of eight per cent. per annum from date until paid, interest payable quarter annually, said principal sum to be paid two (2) years after the date of said note. By the terms of said note it was provided that it should be payable at the office of said D. Hale Wilson & Company, Pensacola, Florida, and that after default in payment, and the note should have been placed in the hands of an attorney for collection, the maker would pay an attorney's fee of 5% if paid before suit and 10% if paid after suit and all costs of collection, that said note is long since past due and is unpaid, and before its maturity for a valuable consideration the same was endorsed and transferred to your oratrix, Emma H. Taylor, by the said D. Hale Wilson, and she is now the owner and holder of same. That to secure the payment of the said note, the said J. Conrad Scott and his wife, Alice K. Scott, on the same day, March 24th, 1906, did execute and deliver to the said D. Hale Wilson their certain mortgage deed as security for the payment of the said note thereby conveying to the said D. Hale Wilson, his heirs and assigns, the following real estate situated in the City of Pensacola, Escambia County, Florida, to-wit: Lots three, four and five (3, 4. & 5), in block one hundred and seventy (170), New City tract according to map published by Thos. C. Watson in 1884.

By the terms of said mortgage it was provided that it was intended to secure the payment of the promissory note above mentioned, and that the mortgagors would keep perfect and unimpaired the security thereby given, and that the said indebtedness covered by said mortgage should become immediately due and said mortgage foreclosable for all sums secured thereby if the said indebtedness or any part thereof or the interest or any install-

ment thereof should not be paid according to the terms of the said note, and that if foreclosure of said mortgage should be had or a suit to foreclose same be rightfully begun, the mortgagors would pay all costs and expenses of said suit including an attorney's fee to the attorney of the complainant, foreclosing of $15.00, and ·10% upon the amount decreed tò the complainant, which costs and fees should be included in the lien of said mortgage and in the sum decreed upon foreclosure. That said mortgage was duly recorded on the 26th day of March, 1906, in the Clerk's office of Escambia County. That at the time of the endorsement, transfer and assignment of said promissory note to your oratrix Emma H. Taylor, the said D. Hale Wilson transferred and assigned the said mortgage to your oratrix and delivered to her said note and mortgage, and said note and mortgage have been in her possession ever since. That subsequent to the making and recording of said note and mortgage, to-wit: on or about March 3rd, 1909, and long subsequent to the time when said note and mortgage had been assigned and endorsed to your oratrix by the said D. Hale Wilson, and at a time when the said note and mortgage were not in possession of said D. Hale Wilson, but were in possession of your oratrix, the said D. Hale Wilson executed what purported to be a cancellation of said mortgage and procured same to be entered upon the mortgage cancellation records of Escambia County, Florida, but at the time of the execution of said cancellation, the said D. Hale Wilson was not the agent of your oratrix or authorized to act for her; that the amount due upon the said note and mortgage was reduced by a payment made on July 24th, 1908, of $200.00, but that the balance with interest and attorney's fees is still due and

unpaid. That said cancellation was executed and placed upon record without the knowledge or consent of your oratrix and without the payment to her of any sum whatever, and she never knew the same until during the summer of the year 1910, when her attention was called to the fact by some person who had examined the records and found such cancellation apparently of record. The bill expressly waives oath to the answer of the defendant.

The defendants, J. Conrad Scott and his wife, answered the bill, in which they admit the execution and delivery of the note and mortgage as alleged, but deny that the same is long past due and unpaid, and disclaim any knowledge of the endorsement and transfer of the same to the complainant or that she is now the owner and holder of said note. The answer further alleges that the defendants on or about March 3rd, 1909, without any knowledge that the said note and mortgage had been assigned and endorsed to complainant by the said D. Hale Wilson, and without any knowledge that the said note and mortgage was not in the possession of said D. Hale Wilson and without any knowledge that the said note and mortgage was in possession of complainant as alleged, paid to said D. Hale Wilson the amount of the said mortgage and secured a cancellation from the said D. Hale Wilson which was duly recorded upon the mortgage cancellation records of Escambia County. The answer disclaims any knowledge as to whether the said D. Hale Wilson was or not the agent of the complainant. And the answer further alleges that the whole of said indebtedness has been paid, and denies that any part of the original amount of said note and mortgage is due as alleged. The answer further alleges that until about the time of the filing of complainant's bill and long after same had been paid,

they had no knowledge whatever that the said note and mortgage had been sold and transferred by the said D. Hale Wilson to complainant as alleged in her bill, and that such knowledge was acquired after the said note and mortgage had been fully paid and satisfied as hereinbefore alleged.

The answer further asserts that by reason of complainant's failure to notify defendants of said acquisition and ownership of the said note and mortgage as alleged, complainant constituted said D. Hale Wilson as her agent, and the payments so made by defendant on account of the said note and mortgage to the said D. Hale Wilson as aforesaid, were made to complainants' agent for the use and benefit of complainant. The answer further asserts that the said note contained the statement that "this note secured by mortgage" and that the note and the mortgage were part and parcel of but one and the same transaction, and that by reason of the conditions contained in the mortgage as to the mortgagor keeping the premises insured for the benefit of the mortgagee, and keeping the taxes on the property paid up, and that in default in the mortgagor in these respects, the mortgagee might pay the same upon which the mortgage lien should extend to and cover all such payments for insurance and taxes, and that the said mortgage and all sums secured to be paid thereby should at once become due and foreclosable in the event of default in the payment of any sum due thereon on in the payment of any installment of interest when due, and the covenant in said mortgage to pay attorney's fees of $15.00 and 10% of the amount due for principal and interest, all rendered and made the said note non-negotiable, and that the same was merely assigned by said D. Hale Wilson to complainant, who took the same subject to all equities

existing between the said Wilson and defendants, and because of the assignment of said non-negotiable note and mortgage to complainant by said Wilson it became and was the duty of complainant to give the defendants due notice of such assignment, that defendants might make their future payments to complainant. The cause was heard before the chancellor on the bill, and exhibits of the original mortgage and note, and the answer of the defendants, and a final decree rendered in favor of the complainant and against the defendants foreclosing the said mortgage for the total sum of $390.06, inclusive of interest and attorney's fees and adjudging the mortgaged property to be sold to pay the same. From this final decree the defendant J. Conrad Scott took his appeal to this court and assigns the said decree to be error.

A mortgage executed as security for the payment of a negotiable promissory note is a mere incident of and ancillary to such note. When it comes to the payment thereof, the rights of the parties thereto, as well as of third persons, are governed by the rules relating to negotiable paper, in other words, payment to any one other than the holder of the negotiable instrument is at the risk of the payer, and is binding upon the holder of the paper only where express or implied authority to receive such payment is established by the person making the same. Hence, payment of a negotiable note secured by mortgage by the mortgagor or his grantee, where made to the original mortgagee who is not in possession of the note and mortgage, is not binding upon an assignee thereof before maturity who was in possession of the papers at the time of payment, unless he had expressly or impliedly authorized such payment.. Smith v. First Nat. Bank of Cadiz, Ohio, 23 Okla. 411, 104 Pac. Rep. 1080, 29 L. R. A. (N. S.) 576, and authorities cited in notes.

The duty of a maker of a negotiable note to see that the person to whom he pays it has it in his possession before making the payment is not affected by the fact that the note was on its face made payable at the office of the person to whom he makes the payment. Powers v. Woolfolk, 132 Mo. App. 354, 111 S. W. Rep. 1187; Hoffmaster v. Black, 78 Ohio St. 1, 84 N. E. Rep. 423, 21 L. R. A. (N. S.) 52; Baxter v. Little, 6 Met. (Mass.) 7, 39 Am. Dec.) 707.

The maker of a negotiable promissory note can satisfy it only by payment to the owner at the time of such payment, or to such owner's authorized agent. If the recipient of the money is not actually authorized, the payment is ineffectual, unless induced by unambiguous idrection from the owner or justified by actual possession of the note. This rule applies generally to all negotiable paper, indepently of the existence of any mortgage or other security. Marling v. Nommensen, 127 Wis. 363, 106 N. W. Rep. 844, 115 Am. St. Rep. 1017; Baumgartner v. Peterson, 93 Iowa 572, 62 N. W. Rep. 27; Burhans v. Hutcheson, 25 Kan. 625; Birket v. Elward, 68 Kan. 295, 74 Pac. Rep. 1100, 64 L. R. A. 568; Smith v. Lawson, 18 W. Va. 212; Carpenter v. Longan, 16 Wall. (U. S.) 271; Swift v. Bank of Washington, 114 Fed. Rep. 643.

Under the rules of law governing negotiable instruments as announced in the foregoing authorities, we think the decree of the court below appealed from in this case was proper.

The defendant knew that he had made and delivered to D. Hale Wilson a negotiable promissory note that was transferable by endorsement to another, and yet without enquiring as to such transfer and without production of the note and mortgage, he pays the amount due upon such

note to Wilson, the original payee when such note had been transferred to the complainant, and was then held and owned by her, and without any delegation of authority from her to said Wilson, either express or implied, to receive such payment. Under these circumstances such payment to Wilson was unauthorized, and the complainant is not affected thereby. There is no merit in the contention that the conditions expressed in the mortgage rendered the note non-negotiable. Neither is there anything disclosed by the circumstances set forth in the pleadings from which it can legally be implied that Wilson was authorized to act as agent for the complainant in receiving payment of this note from the defendant.

Finding no error, the decree appealed from is hereby affirmed at the cost of appellant.

WHITFIELD, C. J., and SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.