JESSIE GENEVA OTT, *et vir.*, v. THOMAS K. BRAY.

154 So. 209.
Opinion Filed April 16, 1934.
Petition for Rehearing Denied May 1, 1934.

*Carl H. Moseley* and *Sparkman & Knight,* for Appellants; *Taliaferro, Morris & Carter,* for Appellee.

PER CURIAM.—A judgment was assigned to a mortgagee as additional collateral security on an agreement for extension and renewal of a mortgage. Before any payments under the renewal of the mortgage actually matured, the judgment was collected and a portion of the proceeds paid over to the mortgagee by the attorney in fact for the mortgagor. The assignment of the judgment as collateral security was made a condition of the renewal and extension of the mortgage. It provided that any and all sums received by the mortgagee as a collection on the judgment should be immediately applied in the payment or reduction of the mortgage and indebtedness represented by the renewal obligation. Prior to the execution of the assignment the right, title and interest of the judgment creditor had been pledged by the judgment assignor to the mortgage with the express understanding that as funds were realized from it from collection or sale of securities pledged, the same should be immediately applied in liquidation of the mortgage debt.

The mortgage extension agreement was executed in July, 1931, but was dated as of April 1, 1931. By it an extension in the time of payment of the mortgage was made for a period of five years from April 1, 1931, interest to be payable semi-annually at 7 per cent. on a balance of $16,500.00. The consideration for the giving of the extension was (1) assignment of the judgment above referred to; (2) assignment of the rents on the property held as security, and (3) deeds to certain property in South Carolina; (4) an increased interest rate.

In August, 1931, $7,000.00 was paid on the mortgage in

advance of the extended maturity. This payment was part of the proceeds of the pledged and assigned judgment. The mortgagee did not apply the $7,000.00 payment so as to anticipate maturities but so applied the payment as to merely reduce the total amount of the mortgage debt, and thereby bring the mortgagor into early default for the amounts which the nonpayment of has occasioned the institution of this suit. The chancellor ruled with the mortgagee. The mortgagors have appealed, assigning as error the entry of the final decree of foreclosure, which they assert is unwarranted because there was no default under the circumstances.

Our conclusion is that under the circumstances appearing in this record the mortgagors had the right to direct and insist upon the application according to their directions of the $7,000.00 payment delivered over to the mortgagee in August, 1931. This payment was realized only a very short time after the extension agreement was actually entered into.

It was proved that by written instrument dated August 19, 1931, fifteen days after the money was actually delivered, the representative of the mortgagors requested that the fund of $7,000.00 that had been paid over on August 4, 1931, be retained and applied to the mortgage so that all payments scheduled to mature during that and the next year should be absorbed or anticipated in the distribution of the fund.

The written demand was ignored and the mortgagee applied the $7,000.00 payment on the first maturing note for $397.00 and the balance of $6,000.00 on the last maturing note which was not due until five years in the future. This was done by the mortgagee so as to provoke an earlier maturity and thereby enable mortgagee to declare a default for mortgagors' failure to pay the balance of the first maturing

note due two and six months, respectively, from the date of the $7,000.00 payment.

In equity an asserted right to direct application of payments actually made before maturity on an equitable demand is to be determined by equitable considerations.

The fact that the creditor holds a special lien on the money delivered by the debtor as a payment on a claim for which it is pledged does not cut off the right of the debtor to direct that payment, when made before maturity at least, be applied in accordance with the equitable rule that the burden shall be as light on the debtor as is consistent with giving to the creditor all that the debtor has bound himself to pay.

If the creditor by any application that can be made for him can receive all for which the debtor is under an obligation to him, it is but equity that it should be applied in such mode as will be least onerous to the debtor. This is undoubtedly so where the request for a particular application has been made with reasonable promptness after payment and before maturity or the institution of a suit, especially where it clearly appears that no prejudice can result to the creditor by allowing such equitable application to govern. Murdock v. Clarke, 88 Cal. 384, 26 Pac. Rep. 601; Consolidated Naval Stores v. Wilson, 82 Fla. 396, 90 Sou. Rep. 461; Battle v. Jennings Naval Stores Co., 74 Fla. 12, 80 Sou. Rep. 486; Alford v. Leonard, 88 Fla. 532, 102 Sou. Rep. 885.

The rule that a contract fixing the mode of application of payment will govern, so as to deprive a debtor of the right to direct the application of payment does not control the present case because we fail to find that such was the legal effect of the pledge of the judgment as collateral security. The rule contended for is unquestionably sound,

as was held in Riverside Milling & Power Co. v. Bank of Cartersville, 141 Ga. 578, 81 S. E. Rep. 892, where the Court said:

"WHERE a payment is made by a debtor to a creditor who holds several demands against him, if there is no agreement as to the application of it, the debtor has a right to direct to which claim it shall be applied. If he does not do so, the creditor may apply it at his election. If there is a contract fixing the mode of application it will control."

But the application of the rule to this case is unwarranted since there was no such special contract as we construe the arrangement entered into between the parties in this case. Here there was simply an agreement for a five years extension, coupled with the giving of additional security by way of collateral which, if and when realized on, was to be used to "liquidate" the mortgage debt.

The decree appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this opinion. We find no error in the assignment of error predicated on the appointment of a receiver, which appointment appears to have been made as provided for in the mortgage and to have been acquiesced in for about eight months before complaint against the appointment of the receiver was raised before the chancellor.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.