JOHNS SUPPLY COMPANY, a Florida corporation, and F. J. JOHNS v. C. McNEELEY.

169 So. 732.

Division B.

Opinion Filed September 22, 1936.

*E. K. McIlrath,* for Appellants;

*Edgar W. Waybright,* and *Roger J. Waybright,* for Appellee.

BUFORD, J.—The appeal in this case brings for review final decree of foreclosure of a chattel mortgage containing an unconditional promise to pay the sum of $1100.00 "payable in monthly installments of $750.00 each, except the last which is to be for Three Hundred and Fifty Dollars ($350.00) ; due and payable consecutively on the 12th day of each and every month during the life of this note hereafter, beginning on the 12th day of March, A. D. 1935."

The record shows that the original document was not produced before the Master or the court and that during the hearing before the Master the following transpired, Mr. Waybright being solicitor for the complainant and Mr. McIlrath being Solicitor for the defendant;

"MR. WAYBRIGHT: I offer in evidence now a certified copy of the paper being foreclosed, styled AGREEMENT, which contains the note and mortgage.

"MR. MCILRATH: I want to object to the document being admitted in evidence, on the ground that it is not the original note ; secondly, it is not the original mortgage.

"MR. WAYBRIGHT: Section 4387 of the Compiled General Laws appears to me to cover this situation exactly. (Reading)

"Mrs. C. McNeeley, the plaintiff, further testified as follows:

By the Master: Q. Mrs. McNeeley, you have been sworn, and these questions will be put to you under the same restriction as the oath which you originally took. Have you the original page of this agreement in which is embodied the note involved in this suit?

"A. I don't have it in my possession, but I know where it is.

"Q. In whose possession is it?

"A. Mr. William D. Morgan.

"Q. How does Mr. Morgan happen to have this particular paper?

"A. Because he was my first attorney.

"Q. Does he have that paper for you?

"A. He did have it; yes, sir.

"Mr. McIlrath: I object to these questions. I will reserve my objections, if it is all right. I object to the question. Does he hold it for her? as being a conclusion, calling for a conclusion.

"A. Well, he had it for me at the time he had it; what else could I say?

"Q. The way that Mr. Morgan obtained possession of the paper about which I ask you, is or was as your attorney?

"A. Yes, sir.

"Q. Have you sold, assigned, hypothecated or otherwise disposed of this note or agreement?

"A. No, sir.

"Q. It still belongs to you?

"A. Yes, sir.

"Mr. McIlrath: I object to the questions and to the answers because they call for a conclusion of the witness, and the answers are conclusions; and it appears obviously

that this document is being held adversely to Mrs. Mc-Neeley; and here she has her remedy to get this note back, and she hasn't done it; it is not in her possession. She is not entitled to foreclose this mortgage until she does get that note into her possession.

"THE MASTER: The Special Master will not rule on the objection to the questions asked by him, but will allow the Circuit Judge to rule on these objections.

"BY MR. WAYBRIGHT: Q. Mrs. McNeeley, Mr. Morgan has refused to surrender that paper?

"A. Yes, sir.

"Q. His only claim to you about it was—

"MR. MCILRATH: I object to the question as leading.

"Q. Does he claim any ownership in the paper?

"A. No, sir.

"MR. MCILRATH: I object to the question as being a leading question.

"THE MASTER: The objection is overruled. That is in proper cross of what I asked. * * *

"Q. He makes no claim to any interest in the mortgage?

"A. No, sir.

"MR. MCILRATH: I object to the question as leading.

"THE MASTER: The objection is overruled.

"MR. WAYBRIGHT: That is all.

"THE MASTER: The objections by the solicitor for the defendants, to the introduction of the said certified copy of note and agreement, are overruled. It appears from the Court's proceeding in this cause that there is no denial of the ownership of the original of said papers by the plaintiff. Further, it appears that the attorney who now has in his possession the original of said papers offered in evidence, is the original attorney of the plaintiff in this case.

"* * * The said certified copy of document offered was admitted in evidence and filed as plaintiff's Exhibit No. 1.

"THE MASTER: The Special Master wishes to state further that the original pleadings in this cause, to-wit: the bill of complaint, paragraph 7, contains an allegation that the plaintiff in this cause had employed William D. Morgan as her attorney to foreclose this mortgage.

"MR. MCILRATH: I want to renew the objections just made, and call the Court's attention to the further matter that William D. Morgan is not attorney for the plaintiff in this case at this time, and has not been, as will be shown by the files and records, for some time. It is up to the plaintiff to produce the original note, or to re-establish the existence of that note, and adjust her differences with the party who is holding this note adversely to her, or show that the note is hopelessly lost, or something of that kind.

"THE MASTER: The objection is overruled."

The sole question presented for our determination is whether or not the admitting of the certified copy of the agreement which constituted a combined note and mortgage in lieu of the original was reversible error. Section 2720, R. G. S., 4387 C. G. L., provides:

"OF EVIDENCE OF RECORD OF PUBLIC OFFICERS IN GENERAL.—In all cases where any record, pleading, document, deed, conveyance, paper or instrument of writing is, or may be, required or authorized to be made or filed or recorded in any public office of this State or of any County thereof, a copy thereof duly certified under the hand and seal of office (if there be seal of office, and if there be no seal of office, then under the private seal of the officer having the custody or control of the same), to be a true and correct copy of the original, on file or of record in his office, shall in all cases and in all courts and places be ad-

mitted and received in evidence with the like force and effect as the original thereof might be. Nothing herein contained shall be so construed as to prevent any court or judge before whom such copies may be offered in evidence from requiring the party offering the same to produce or account for the original of such copy, if the same shall be deemed necessary or proper for the attainment of justice."

See also Section 21 of Art. XVI of Constitution.

It cannot be successfully maintained that there was a separate note for the payment of which the mortgage was given to secure. The promise to pay in the form of a promissory note was included in and made a part of a complete agreement composed of the unconditional promise to pay together with a pledge of security for such payment and the two parts thereof were inseparable. We are cognizant of the fact that it has often been held that the Master's Report should show the production of the original note in cases where suit is on a note. See Lenfesty, et al., v. Coe, 34 Fla. 363, 16 Sou. 277; Scott v. Taylor, 63 Fla. 612, 58 Sou. 30; Fidelity & Deposit Co. of Maryland, v. Aultman, 58 Fla. 228, 50 Sou. 991; International Kaolin Co., et al., v. Vause, 62 Fla. 505, 57 Sou. 360.

In Scott v. Taylor, *supra,* we held:

"A mortgage executed as security for the payment of a negotiable promissory note is a mere incident of and ancillary to such note. When it comes to the payment thereof, the rights of the parties thereto, as well as of third persons, are governed by the rules relating to negotiable paper. In other words, payment to anyone other than the holder of the negotiable instrument is at the risk of the payer and is binding upon the holder of the paper only where express or implied authority to receive such payment is established by the person making the same. Hence, payment of a ne-

gotiable note secured by mortgage by the mortgagor or his grantee, where made to the original mortgagee who is not in possession of the note and mortgage, is not binding upon an assignee thereof before maturity who was in possession of the papers at the time of such payment, unless he had expressly or impliedly authorized such payment."

In the instant case, however, the mortgage part of the agreement cannot be considered as a mere incident to the note because the whole instrument must be taken and construed together and, as we have said before, the two parts thereof, the note and the security for its payment, are made inseparable by the form of the agreement which the parties elected to execute.

It must also be observed that the record shows that the agreement constituting the cause of action was at the time the testimony was taken in the hands of the attorney who originally represented the complainant in the litigation and filed the original bill to foreclose the instrument. Therefore, the record shows such a state of facts as would preclude him as the party holding the document claiming title to it as against his client.

We hold that the provisions contained in Section 2720 R. G. S., 4387 C. G. L., were complied with in this case and that under the conditions shown to have existed there was no reversible error committed by the court in admitting the certified copy of the document in lieu of the original when considered in connection with the explanation given as to the absence of the original.

If there had been a plea denying the ownership, by the complainant, of the document constituting the cause of action, a different question might be presented. But here the bill of complaint alleged the ownership in the complainant and that allegation was not traversed.

The decree should be affirmed.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.