GEORGIA HOLDING & INVESTMENT COMPANY, Appellant, v. CITIZENS BANK, a Corporation, *et al.,* Appellees.

196 So. 808
Division B
Opinion Filed July 23, 1940

*Edwards & Edwards,* for Appellant;

*Crofton & Wilson,* for Appellees.

CHAPMAN, J.—This case is before the Court on an appeal from a final decree of foreclosure. The mortgage foreclosed in the lower court was for the sum of $600.00, evidenced by twenty-four notes, maturing one each month beginning July 5, 1938. The first note maturing was promptly paid when due and on August 18, 1938, $75.00 was paid and a release of a portion of the land described in the mortgage was delivered by the mortgagee and the $75.00 was applied on the three notes in the sum of $25.00 each maturing April 5, May 5, and June 5, 1940. The interest was paid on the $600.00 indebtedness and the notes maturing August 5, September 5, October 5 and November 5, 1938, were paid. The defendant below failed to pay the notes maturing on December 5, 1938, and January 5, 1939, and under the provisions of the acceleration clause of the mortgage, the mortgagee had the right to declare the entire indebtedness due and payable and exercised the option, and the bill to foreclose was filed on January 19, 1939.

An answer was filed denying the material allegations of

the bill of complaint, testimony was taken, and on final hearing the chancellor decreed that the equities of the cause were with the plaintiff below and decreed that the lands be sold to pay the indebtedness. From this final decree an appeal has been perfected to this Court.

The question involved for the chancellor to decide was whether or not the defendant below had defaulted in the payment of the monthly notes so as to exercise the provisions of the mortgage authorizing the plaintiff to declare the entire indebtedness due and payable. The lower court' heard the evidence upon this particular point and from the evidence adduced decreed that the defendant below had failed or omitted to pay the notes maturing in December, 1938, and January, 1939, and because of the failure to pay these two notes the mortgagee had a right to exercise the option of declaring the entire indebtedness due and payable.

The question before us is whether or not there is sufficient evidence to sustain the chancellor in decreeing that the notes maturing in December, 1938, and in January, 1939, were not paid by the mortgagors. We find ample testimony in the record to support the conclusions of the chancellor as expressed in the final decree appealed from.

- We have carefully studied the record, read the briefs filed by counsel for the respective parties and the authorities cited therein have been examined, and we have reached the conclusion that no errors appear in the record. The decree appealed from is hereby affirmed.

WHITFIELD, J., concurs.

BUFORD, J., concurs specially.

BROWN and THOMAS, J. J., dissent.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J. (concurring specially).—While it has been generally held (See Lenfesty, *et al.,* v. Coe, 34 Fla. 363, 16 Sou. 277; Scott v. Taylor, 63 Fla. 612, 58 Sou. 30; Fidelity & Deposit Co. of Maryland v. Aultman, 58 Fla. 228, 50 Sou. 991; International Kaolin Co., *et al.,* v. Vause, 62 Fla. 505, 57 Sou. 360) that the notes, the payment of which the mortgage is given to secure, should be offered in evidence before the master as proof of the basis of the debt in foreclosure proceedings, a decree should not be reversed because of the lack of the introduction in evidence of such documents where there is no denial by the defendant that such notes are owned and held by the complainant and where the evidence shows conclusively that the notes referred to in the bill of complaint and copies of which are attached to and made a part of the bill of complaint, are at the time of foreclosure owned and held by the complainant the evidence in this case is sufficient to establish the fact that the notes were at the time of the institution of the suit and at the time of the decree of foreclosure owned and held by the complainant.

It appears that the lack of introduction of the notes was a mere oversight and that no good purpose can be served by reversing the decree because of this irregularity.

Therefore, the decree should be affirmed.

CHAPMAN, J., concurs.

BROWN, J. (dissenting).—The appellant's first question raises the point that the notes and mortgage were never introduced in evidence. Appellee admits this inadvertence. While the defendant, appellant here, admitted in its answer the execution of the notes and mortgage described in the bill, this did not dispense with the necessity of producing them in evidence. Until this was done, the foundation for the decree of foreclosure was never proven. See Lenfesty

v. Coe, 34 Fla. 363, 16 So. 277, and other cases cited in Johns Supply Co. v. McNeely, 125 Fla. 306, 169 So. 732.

As shown by the opinion in Lenfesty v. Coe, *supra,* the reasons for this rule is that a promissory note is a negotiable instrument the ownership and title of which can be changed by indorsement, and the fact that a defendant admits in his answer that he executed the notes and mortgage does not show that the complainant at the time of the trial owned and had the right to a judgment thereon. It was further noted in that case that a mortgage is an incident to the note which it secures, and that a transferee of the note would be entitled to have possession of the mortgage securing the same. However, it was also observed in passing in that case that where the debt evidenced by the note or bond sufficiently appears from the terms of the mortgage alone, the rule seems to be that a decree of foreclosure may be granted on the production of the mortgage. The proceedings here are between the original parties to the transaction, and I think that the ends of justice might be properly served by simply directing the court below to require the production of the unpaid notes before the court if and when application is made for confirmation of sale. That would take care of appellants as to this point of the case and would guard against their being sued a second time by some possible innocent purchaser for value of the notes. There is strong implication from the evidence that the notes and mortgage were still held and owned by the appellee at the time of the hearing in the court below. But in abundance of caution and to give appellant all the protection which it is entitled to under the case of Lenfesty v. Coe, *supra,* if the decree below is affirmed the above directions should be made by this Court and observed by the lower court.

On May 19, 1938, appellant executed the mortgage for $600.00 here involved securing an indebtedness evidenced by

twenty-four notes in the sum of $25.00 each, with interest at 8 per cent, maturities beginning July 5, 1938. The first of said notes maturing monthly from July 5, 1938, to November 5, 1938, were paid. On August 18; 1938, appellant delivered to appellee a draft of $93.00, $75.00 of which represented the proceeds from the release of a certain lot encumbered by the mortgage. Appellee already had on hand cashier's check for $100.00 held as collateral. After crediting interest, the $100 on hand was used to pay off the note then a few days overdue, the note due August 5, and the next three notes maturing September 5, October 5, and November 5, respectively. Appellee then applied the remaining $75.00 to pay off the last three notes of the series maturing April 5, May 5, and June 5, 1940. If this $75.00 had been applied by appellee to the notes in the order in which they fell due, this payment would have covered the notes falling due December 5, 1938, January 5, 1939, and February 5, 1939, and thus none of the notes would have been in default at the time this bill for foreclosure of the mortgage was filed on January 19, 1939.

Appellant states the question thus presented as follows:

"Where a mortgagor gives twenty-four notes secured by real estate mortgage providing for payment monthly and mortgagor pays seven payments in advance, can mortgagee apply four payments on installments in order of maturity; and three payments on the last three installments?"

Appellee states the question as follows:

"Where a mortgagor gives a series of notes providing for monthly payments and mortgagor pays seven payments in advance, where money for three payments is derived from release of property under mortgage, can mortgagee apply four payments on installments in order of maturity and three payments on the last three installments when the evi-

dence shows that mortgagor can give mortgagee no directions as to application of any of the payments?"

Even taking this question as stated by appellee, I am inclined to think it should have been answered in the negative. While twenty-four separate notes were given, it was for merely one debt payable in installments. The general rule is that payments must be applied on the item of the debt first in order of maturity. It would seem that equity would require the mortgagee to apply payments in a manner least burdensome and most equitable to the debtor, especially where each note is well secured by the mortgage. Furthermore equity does not favor forfeitures. Usually the debtor has the primary right to direct the application of his money to such items as he chooses, and where by express contract a debt is made payable by agreement in future installments, the presumption is that the debtor intends payments made by him to be applied to the installments in the order of their maturity, unless there is some express direction by the debtor to the contrary. Such is my understanding of the law on this subject. See generally 48 C. J. 642, *et seq.*, and 48 C. J. 651, Section 100.

In the present case it appears that all of the notes were equally secured by the mortgage and I can see no legal or practical reason why payments should have been applied to the last three notes, skipping the notes falling due in December, 1938, and January, 1939, thus apparently putting the mortgagor in default, and then promptly filing suit for foreclosure under the acceleration clause in the mortgage, on January 19, 1939. The fair implication from the mortgage and notes was that payments should be made and applied to the notes in the order of their maturities. See also Ott v. Bray, 114 Fla. 547, 154 So. 209, wherein the following statement occurs in the opinion: "If the creditor by any application that can be made for him can receive all for

which the debtor is under an obligation to him, it is but equity that it should be applied in such mode as will be least onerous to the debtor."

The facts in the case quoted from are in some respects analogous to those here. In that case it was also held that a contract fixing the mode of application of payments deprives the debtor of the right to direct the application of payments otherwise. The same rule would apply to the creditor.

It is true that the appellee bank wrote to the appellant about a week after the payment was made and applied and enclosed the four first notes and the three last notes and in effect notified him of what had been done. Mr. Edwards, the president of the appellant holding company, testified that he did not discover that three of the notes which were enclosed to him in that letter were the three last notes in the series until some time afterwards when the mortgage was about to be foreclosed. But be that matter as it may, the fact remains that this peculiar application of payments as made by the bank was not authorized by the mortgagee at the time it was made, and there is no clear showing that the holding company ever agreed to or ratified this misapplication of payments. So when this suit was brought to foreclose the mortgage for the alleged non-payment of the notes falling due December 5, 1938, and January 5, 1939, such notes had in the eyes of the law already been paid, and there was no equitable basis for the acceleration of the maturity of the entire debt, nor any equitable basis for the attempted foreclosure.

I think, therefore,, that the decree below should be reversed.

THOMAS, J., concurs.