WILLIAM STANSBURY v. STATE OF MISSISSIPPI.

[53 South. 783.]

CRIMINAL LAW. *Keeping intoxicating liquors for sale. Evidence.*
> Under Code 1906, § 1797, and amendments thereto, making it a misdemeanor to have intoxicating liquors in possession for the purpose of unlawfully selling or giving away the same. Evidence that defendant had in his possession in a sack, when arrested, on the street, a gallon of gin and four quarts of whiskey, and the records of the express company showed that he had received frequent shipments of whiskey in four gallon packages for some time previous to his arrest. *Held,* insufficient to warrant a conviction.

FROM the circuit court, Harrison county.

HON. T. H. BARRETT, Judge.

William Stansbury, appellant, was tried, and convicted of keeping liquor for sale, before a justice of the peace, and appealed to the circuit court of the county, where the case was tried *de novo*, and was there convicted, and sentenced to pay a fine of one hundred dollars and serve thirty days in jail, from which judgment and sentence he appealed to the supreme court. The facts of the case are fully stated in the opinion of the court.

*John L. Heis* and *Rushing & Guice*, for appellant.

The appellant was arrested on the 26th day of July, 1909, and an affidavit made against him in the justice court of Z. T. Champlin at Biloxi, Mississippi, charging him with unlawfully having in his possession intoxicating liquors with the intent to sell and dispose of the same against the peace and dignity of the state of Mississippi; from the decision of the justice court the appellant appealed to the circuit court, where the case was tried before a jury and appellant convicted. On the trial of the case in the circuit court the court allowed the state

to put in evidence the records of the Southern Express Company for a period of time from June 20th to July 31st. At the time defendant was arrested he had in his possession four quart bottles of whiskey and a gallon of gin.

The court below admitted the records of the Southern Express Company, covering a period of time of forty days, showing the receipt of liquors by the defendant. We contend that this was error. Without this testimony the defendant could not be convicted as there was no evidence of suspicious circumstances; the testimony of the constable who made the arrest shows that there was no suspicious circumstances. When the defendant was arrested, the constable, who by the way was very handy with his gun, found him in possession of four quart bottles of whiskey and a gallon of gin. On cross-examination of the constable he was asked if the defendant had in his possession at the time of arrest any cup or glass or other utensil for dishing out liquors and he said that the defendant had not. The conviction of this defendant was due to the admission of the express records and the latitude allowed the witness Costmiere on his direct examination, in which he was allowed to testify as to the weight of a gallon of whiskey, when the witness himself could not say that the packages contained whiskey or what was in them. The only evidence that the witness relied on was that the packages were marked with an "L."

There is no testimony in the record of a sale or attempted sale, no circumstances which would indicate that the defendant did not keep these liquors for a lawful purpose and we believe that the jury were unduly prejudiced by the introduction of this record. Our understanding of criminal law is that the burden of proof never shifts and that it is on the state from the beginning of the trial until the end. We do not think that the state has proved its case.

*Carl Cox,* assistant attorney-general, for appellee.

The appellant relies here for reversal upon two grounds:

First, that it was error to admit the records of the express office at Biloxi showing that appellant had received a shipment of intoxicating liquors during the period from June 20th to July 31, 1909.

Second, that the court erred in modifying instruction No. 1 asked by the appellant, who was defendant below.

The second ground is not tenable here for three reasons: First, the record does not show any modification whatever of any instructions granted the defendant below; second, the record shows that instruction No. 1, asked by and granted to the defendant, was filed by him and the presumption is, of course, that this instruction was read by him to the jury. The court has decided recently in *Louisville & N. O. Co.* v. *McCaskill,* 53 So. 348, that if an instruction, whether erroneous or correct as asked, is modified by the court and accepted by the party asking it and read to the jury, then, such party cannot complain if the modification is erroneous; third, this instruction is correct as it is set out in the record.

The first contention, that is, that it was error to admit the records of the express company, is based in part upon an erroneous idea of learned counsel's that there is a difference between the offense of keeping intoxicating liquors for sale, and the offense of having intoxicating liquors in one's possession with intent to sell in violation of law. There can be no practical difference between the two offenses. If one be charged with keeping intoxicating liquors for sale, proof that such person had intoxicating liquors in his possession at a stated time with intent to sell, establishes the offense. Turning the proposition around and looking at it from the other side, if one be charged with having intoxicating liquor in his possession with intent to sell the same, evidence that

he was keeping the liquor with intent to sell same contrary to law would establish the offense.

The testimony of the witness, Geo. Gosmire, who was testifying from the express company's books, was that four gallons of whiskey or other liquor, whether in jugs or quart bottles, as packed for shipment, weighs about fifty pounds. He testified that on June 20th, defendant got one box of liquor through the express office weighing fifty pounds; six days later on the 26th, another box of liquor weighing fifty pounds; and on the same day another box of liquor weighing forty-three pounds; on July 8th, fifty pounds; July 13th, fifty pounds; July 17th, ninety pounds; July 21, one hundred pounds; that all of this was whiskey.. It appears therefore, that within about thirty days ending July 20th, the defendant received approximately forty gallons of whiskey. If he drank it all himself, he was a thirsty soul. He evidently disposed of it in some way. Logically, the evidence is perfectly competent; and there is no exception or rule of evidence which requires its exclusion. See 23 Cyc. 249-250, and cases cited in note 21, page 250.

SMITH, J., delivered the opinion of the court.

Appellant was convicted in the court below of having intoxicating liquor in his possession with the intention of selling same. He was arrested on the street, and was at the time carrying, in a sack, a gallon of gin and four quarts of whiskey. The records of the Southern Express Company showed that appellant had received frequent shipments of whiskey in four-gallon packages for some time previous to his arrest. This was all the evidence in the case. All of this evidence is consistent with the innocence of appellant, for he may have obtained the liquor for any one of a number of purposes. There is nothing in the evidence from which the jury were war-

ranted in saying what disposition appellant intended to make of the whiskey.

The judgment of the court below is therefore reversed, and the cause remanded.      *Reversed and remanded.*