## McComb City *v.* George Hill.

### [56 South. 346.]

Keeping Intoxicating Liquors for Sale. *Evidence. Code* 1906, *sections* 1797 *and* 3410. *Laws* 1910, *chapter* 114.

In a prosecution under Code 1906, section 1797, as amended by Laws of 1910, chapter 114, making it unlawful for any person to have in his possession any intoxicating liquors with the intent to sell or give away the same in violation of the law which statute was made an ordinance of the municipality by the action of the municipal authorities, proceeding under section 3410, Code of 1906. Where the only evidence against defendant was that he had fifty-seven half pints of whiskey in a valise and a corkscrew attached to each bottle, and while walking on the street with this valise he saw an officer and turned as if to run. *Held,* that such evidence alone was wholly insufficient to warrant a conviction.

Appeal from the circuit court of Pike county.

Hon. D. M. Miller, Judge.

George Hill was convicted in the city court of McComb of having in his possession intoxicating liquors for the purpose of sale. On appeal to the circuit court, the court peremptorily instructed the jury to acquit the defendant and the city appealed.

The facts are fully stated in the opinion of the court.

*Jas. R. McDowell,* assistant attorney-general, for appellant.

The defendant was charged with keeping whiskey for sale. The city marshal testifies that he found him about six o'clock in the morning with a grip containing fifty-seven or eight bottles of whiskey, each wrapped in a separate package with a corkscrew in each package; that the defendant, when he saw the marshal approaching, started to run, but he stopped him and seized the whiskey. This is practically all the testimony.

100 Miss.—13

I submit that what the defendant intended to do with this whiskey was a matter of fact which the jury should have determined from the evidence. Certainly, his actions were suspicious, and the manner in which he was carrying this whiskey might indicate a purpose of keeping it for sale. It was not within the province of the court to say that the defendant did not have it for sale. The purpose for which he had it could only be proved by the state by circumstances. State's witnesses are not called upon to be mindreaders, but only to relate the circumstances surrounding the occasion and let the jury determine after whatever explanation the defendant had to offer what his purpose was.

I submit that, under the facts, the court invaded the province of the jury by taking the case from them. If it is necessary for state's witnesses to take the stand and swear on their oaths that they know that a defendant had whiskey with the intention of selling it, then the statute is rendered useless. It is for the jury to determine on the evidence and circumstances what the intention of the defendant was.

*Quin & Williams,* for appellee.

There is absolutely no merit in appellant's contention, that this case should be reversed, and the reason given is so weak and flimsy and in such direct contravention of the recent pronouncements of this court, that we are surprised that counsel for the state would dare ask the court to reverse itself so soon.

As indicated in appellant's brief the evidence in the case at bar is remarkably short, and presents a record on all-fours with that of the Stansberry case, but weaker. In that particular case defendant was not only arrested at a time when he had in his possession, in a sack, a gallon of gin and four quarts of whiskey, but the books of the Southern Express Company showed that he had been in the habit of receiving, prior to his arrest, fre-

quent shipments of whiskey in four-gallon packages—whereas defendant Hill, had merely a grip containing a number of bottles of whiskey, and nothing to show that he had been receiving much or in fact any other whiskey.

The highest dignity to which this evidence rises in the estimation of counsel for the state, is that he might have had it for the purpose of sale, which only reminds us, that the "saddest words of tongue or pen, is that it might have been." Furthermore, growing bolder, even in the absence of any evidence at all, counsel says that "certainly his actions were suspicious," and with a degree of persistence, we have the assistant attorney-general of the state asking that a poor defendant's case be remanded for a new trial, on nothing greater than mere suspicion.

I submit that the ruling of the lower court was entirely proper under the evidence offered by the state, and adopting the language of the court will say that "all the evidence in this case is consistent with the innocence of appellant, for he may have obtained the liquor for any one of a number of purposes."

In support of our contention we desire to cite *Stansberry* v. *The State,* 53 South. 783, and *Strother* v. *The State,* 54 South. 90.

MAYES, C. J., delivered the opinion of the court.

The appeal in this case is prosecuted by the city of McComb. The record discloses that on the 12th day of November, 1910, one D. A. Brumfield made an affidavit before F. D. Hewitt, police justice of McComb City, charging George Hill with willfully and unlawfully having in his possession one suit case of whiskey, in the limits of the city, with the intent and purpose of selling same in violation of the ordinances of the city. Hill was placed on trial in the city court, and convicted of the offense charged, and from this conviction prosecuted an appeal to the circuit court, and that court, after hearing

the testimony, directed the jury to acquit the defendant, from which instruction on the part of the court the city appeals.

The whole of the testimony offered on the part of the city to establish the guilt of George Hill proved only that one morning about 6:15 he was discovered by the assistant city marshal coming down the street with a suit case. It seems that this unusual conduct on the part of Hill attracted the attention of the marshal, whereupon the marshal started towards Hill to investigate. It appears that up to this time Hill had not seen the marshal, as he was standing under a little shed, and so Hill continued towards the marshal, until he had gotten in about fifty feet of him, when, for the first time, Hill became conscious of the proximity of this officer of the law. At this time the marshal started towards Hill, whereupon the officer says Hill wheeled as if he was going to get away. The officer then hailed Hill and told him to stop, and Hill did so. The officer then went up to Hill, and opened his suit case, and found in it fifty-seven half pints of whiskey, each having a convenient little corkscrew attached, so as to make it thoroughly convenient for the thirsty lover of the drink "that maketh glad the heart" to reach the contents without the provoking delay of searching for a corkscrew or encountering the danger incident to breaking the neck of the bottle. When the officer found that whiskey was in the suit case in such generous quantities, the suit case was seized, together with its contents, and carried to the city hall. At this exciting time Hill was forgotten by the officer, and it was not until ten o'clock that he was arrested. This is about all the testimony relied upon for the establishment of Hill's guilt.

The statute under which Hill is prosecuted is section 1797 of the Code of 1906, as amended by Laws of 1908, p. 116, chapter 114. The statute referred to above, is made an ordinance of the municipality by the action of

the municipal authorities, proceeding under section 3410, Code of 1906. The statute is as follows, viz.: "It shall be unlawful for any person in this state to have in his possession any intoxicating liquor with the intention, or for the purpose, of selling the same, or giving it away, in violation of law." The facts of this case make it no stronger than the case of *Stansberry* v. *State*, 53 South. 783, unless it can be said that the corkscrew attachment is sufficient additional evidence to sustain a conviction, making this case a stronger one than the *Stansberry case*, in 53 South. 783. But the corkscrew may have been placed there by the lawful seller of the whiskey to Hill. The fact that the corkscrew convenience was attached to each bottle is not evidence of possession for unlawful purposes by Hill. It is a matter of common knowledge that nothing is more provoking and distressing than to have to wait for a corkscrew when a burning and consuming thirst is raging within. It is possible that the lawful dealer in this whisky was something of a philanthropist, aand sought to save his impatient and thirsty patrons from the danger of breaking the neck of the bottle. It is possible that the lawful seller of the whiskey had suffered the tortures of delay while impatiently searching for the corkscrew, and desired to protect his patrons from like agonies, and hence had attached this simple, but convenient, little appliance as both a convenience and an aid to him in disposing of his "sweet poison." It is true that the facts also show that when Hill saw the officer, and the officer started towards him, Hill "looked as if he was going to run;" but, unfortunately for Hill, he hesitated, and as a result lost his whiskey. Hill may have had many reasons for his fright when he saw the officer. Hill does not testify in the case, and so does not state why he was frightened, if such was the fact; but the fright may have been from a cause other than that he had possession of the whiskey with guilty purpose. When a man has whiskey in his possession in

a dry town, and is out on the streets with it so early in the morning, it is natural for him to be a little suspicious; for he does not know whom to trust, nor from what source might come the enemy, bent on the destruction of his goods. The frightened look, under the circumstances, is no proof of guilty possession under the statute. In the case of *Stansberry* v. *State,* 53 South. 783, this court ruled that proof of mere quantity was not sufficient to sustain conviction under this statute. The additional fact that a corkscrew attachment is put on each bottle and the persons looks frightened is not enough additional proof to authorize a conviction. There must be testimony evidencing a purpose to sell or give away the liquors in violation of law, no matter how large or small may be the quantity in possession of a person at the time the charge is made.

Under the facts of this case and the settled rules of criminal law, nothing goes to prove that the possession of this liquor was with any unlawful intent. We may suspicion; but the wisdom of the law is such that it refuses to allow any person to be punished for any crime, however strong and well-founded may be the suspicion. There must be proof. We may be anxious to enforce the liquor laws of the state; but they cannot be allowed to subvert the settled rules of criminal law and destroy all safeguards of liberty. Every person charged with any crime must be proven guilty by facts and circumstances which convince beyond a reasonable doubt. This degree of proof is required just as well when the prosecution is under the statute now under review as any other prosecution. Statutes of this character must be given such an interpretation as keep them in harmony with the general criminal law of the state and prevent them from being instruments of tyranny. Such statutes are not intended to make it possible to send innocent persons to prison, or to convict guilty ones without proof. If it be asked what proof is sufficient in this character of case,

our answer is that this question must be determined on the facts of each case.

The action of the lower court was eminently proper, and is hereby approved.

*Affirmed.*