SAM BYRD v. CITY OF HAZLEHURST.

[57 South. 360.]

CRIMINAL LAW.  *Trial.  Suspicion.  Proof.*

> A party cannot be convicted of a crime on suspicion alone, however strong and well founded it may be.  There must be proof.

APPEAL from the circuit court of Copiah county.
HON. D. M. MILLER, Judge.

Sam Byrd was convicted of unlawful retailing and appeals.  The facts are as follows:  Two witnesses who testified for the city state that on the night before defendant was arrested they saw him at the train about twelve o'clock; that he left after the train came in and went home with India Robinson who had been off on an excursion and that she brought back two grips and a basket of beer; that defendant took one of these grips with him; that he boarded with India Robinson; that next morning about ten o'clock the officers went to defendant's room to arrest him and make a search for whiskey and found defendant in bed and found eight pints of whiskey in his trunk and several empty bottles in the room; the defendant made no effort to escape or to conceal the whiskey.

*W. B. Miller,* for appellant.

The defendant assigns as error the action of the court in overruling the motion to exclude the evidence and

dismiss the case when the prosecution rested. This motion should have been sustained and the case dismissed, for clearly the evidence did not sustain the allegations of the affidavit; there was no proof that defendant had ever sold or offered to sell or give away liquor in violation of law. See *State* v. *Stansberry,* 33 So. Rep. 783; 17 Am. and Eng. Ency. Law (2d Ed.), 374, and citations; *McComb City* v. *Hill,* decided by this court on the 6th day of November, 1911, No. 15378.

*Claude Clayton,* assistant attorney-general, for appellee.

There being no contention or controversy as to the facts in this case, I will consider at once the assignment of error. This prosecution is brought under section 1797, Code of 1906. This section of the Code makes it a violation of the law for any person to have in his possession any intoxicating liquors, with the intention, or for the purpose of selling the same, or of giving it away.

I think it incumbent on the state in cases predicated on this section of the Code, to prove to a moral certainty and beyond a reasonable doubt, the intention or the purpose. It is not the possession of the liquor alone that constitutes the offense, but the possession and the intention or the possession with the purpose, of selling it or of giving it away in violation of the law, brings the infraction under the rule of law laid down by this court in the case of *McComb City* v. *Hill.* I think that the peremptory instruction asked for by appellant should have been sustained.

McLEAN, C.

Sam Byrd was convicted in the city court of Hazlehurst upon an affidavit charging that he "did then and there willfully and unlawfully have in his possession intoxicating liquors, to-wit, whisky, with intention or for the purpose of selling same, in violation of the ordinance

of said city." Upon this charge he was tried, convicted, and sentenced "to pay a fine of one hundred dollars and all costs of prosecution, and to stand committed until fine and costs are paid." From this judgment he appealed to the circuit court, and was there convicted, and the court pronounced this judgment: "For such his offense of having whisky for sale he be fined the sum of one hundred dollars and sentenced to the county jail for the period of thirty days, and all costs of this prosecution be taxed, and that he stand committed until said fine and costs are paid." From this judgment he appeals to this court.

After a thorough consideration of this record, we are convinced that under the facts of this case, and the well-settled rules of criminal law, there is nothing in this record showing that the possession of this liquor by the defendant was with any intent to violate the law as defined by Code of 1906, section 1797, as amended by Laws of 1908, ch. 114. The facts may raise a suspicion; "but the wisdom of the law is such that it refuses to allow any person to be punished for a crime, however strong and well-founded may be the suspicion." There must be proof. The proof falls far short of showing guilt of defendant. In support of this view we cite the cases of *Stansberry* v. *State,* 53 South. 783, and *McComb City* v. *Hill,* 56 South. 346.

In our opinion, the case should be reversed and remanded.                    *Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed, and the cause remanded.