EUGENE JACKSON *v.* STATE.

[65 South. 123.]

INTOXICATING LIQUORS. *Offenses. Evidence.*

> The proof of possession of liquors, without proof evidencing the
> purpose of selling or giving away the same in violation of law,
> is not sufficient for conviction.

APPEAL from the circuit court of Harrison county.
HON. J. I. BALLINGER, Judge.

Eugene Jackson, was convicted of unlawful selling of liquors and appeals.

The facts are sufficiently stated in the opinion of the court.

*Neville & Morse,* for appellant.

The crime of keeping intoxicating liquors for sale, is composed of two separate and distinct elements: first, the physical act of keeping the liquor; and second, the mental intent to sell the liquor. The first was proven, but the second was not. This court has repeatedly held, by a long line of decisions, that the mere possession of any quantity of intoxicating liquor does not raise any presumption as to the guilt of the accused. See cases of *State* v. *Stansbury,* 98 Miss. 406; *McComb City* v. *Hill,* 100 Miss. 193; *Byrd* v. *The City of Hazlehurst,* 101 Miss. 57, and many others. Instructions given at the request of the state should have been refused, because there was no evidence to support them. *Billis* v. *State,* 7 So. 390.

*Ross A. Collins,* attorney-general, for the state.

The question of whether possession alone is sufficient to convict of the crime of keeping liquors for sale, has been decided by this honorable court in the cases of *State*

v. *Stansbury,* 98 Miss. 406; *McComb City* v. *Hill,* 100 Miss. 193; *Byrd* v. *City of Hazlehurst,* 101 Miss. 57. These cases seem to uphold the contention of the defendant in this case and we, therefore, submit the case to the consideration of this honorable court.

REED, J., delivered the opinion of the court.

The affidavit, made in the court of a justice of the peace against appellant, charges that he "did unlawfully keep intoxicating liquors for sale." The evidence shows that he had such liquors in his possession, but fails to show that he kept the liquors for sale. The proof of possession of liquors, without proof evidencing the purpose of selling or giving away the same in violation of law, is not sufficient for conviction, under the holding of this court in the cases of *Stansbury* v. *State,* 98 Miss. 406, 53 So. 783, *McComb City* v. *Hill,* 100 Miss. 193, 56 So. 346, 39 L. R. A. (N. S.), 534, and *Byrd* v. *City of Hazlehurst,* 101 Miss. 57, 57 So. 360.

*Reversed and remanded.*