## SORRELLS *v.* STATE.

[94 South. 209.   No. 22723.]

CRIMINAL LAW. *Larceny. Circumstantial evidence must preclude every theory of innocence to convict; evidence held insufficient to show larceny.*

Circumstantial evidence is always insufficient to convict a person of crime, where, assuming all to be proved which the evidence tends to prove, some other hypothesis may still be true, for it is the actual exclusion of every other reasonable hypothesis which invests mere circumstances with the force of truth; whenever the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. The evidence in this case examined, and *held* to be insufficient to sustain a conviction.

APPEAL from circuit court of Jefferson Davis county. HON. G. WOOD MAGEE, Judge.

Robert Sorrels was convicted for stealing a bale of cotton, and he appeals. Reversed, and defendant discharged.

*Davis & Langston* and *O. C. Luper,* for appellant.

The evidence is uncertain as to how many bales of cotton the appellant raised that year. Along this line with the testimony of Mr. Stringer, he says that he only saw two bales belonging to the appellant, but understands that he raised more cotton than this; that he had ten acres in cotton. At the conclusion of this evidence, which was offered by the state, and after the state had rested its case, the appellant refused to offer any evidence, and asked for the peremptory instructions, which was refused by the court.

This instruction should have been granted on the facts for the reason that there is nothing to show that the bale of cotton sold at Sumrall by the appellant was the same bale which was missing as Bassfield. The fact that the

bale of cotton sold by the appellant was a three-hundred-pound bale, and was the same grade that had been sampled, certainly it is not sufficient to establish beyond a reasonable doubt and to a moral certainty, that it was the same bale which was stolen, indeed if one was stolen. It will be remembered that no gin marks or anything of that nature was shown.

The second instruction granted the state by the court is clearly erroneous. In the first place it assumes as a matter of fact that a bale of cotton was actually stolen. Then it lays down the proposition that if the jury believed that the bale which the appellant sold was the same bale which was missing at Bassfield, then, regardless of any other fact, the appellant was guilty. This is certainly not the law, possession of stolen property is only *prima-facie* evidence of guilt, and the jury may acquit or convict on such *prima-facie* evidence.

We feel that our contentions are so plain and certain that it would be useless waste of time to attempt to bore the court with authorities.

*H. Talbot Odom,* for the state.

There are only two questions presented by this appeal: first, it is contended by counsel for the appellant that the trial court erred in refusing to grant the appellant a peremptory instruction; second, it is insisted that the second instruction appearing on page three of volume one of the record granted for the state is erroneous, and that this should reverse the case.

(1) As I see it, very little argument will be required on either of the above propositions. With reference to the first question, it is sufficient to say that the question of whether the cotton was properly identified by the evidence was submitted to the jury. They passed on these questions and found that the evidence was sufficient. As I understand the law, this question was properly submitted to the jury, and this court will not reverse the finding of the jury

unless there is no evidence at all to support their verdict. I do not feel that the court could say after reading the record in this case that there is no evidence by which the verdict can be supported. The record of the testimony in the case at bar consists only of thirty pages, and, as the final determination of the point in question hinges on the conception of this court as to the identity of the cotton, I feel that further argument on this point by me would be without much assistance to the court.

(2)     The second assignment of error attacks the following instruction granted for the state, same appearing in Volume 1 at page 3 of the record: "The court instructs the jury for the state that the possession of recently stolen property is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt, and if the jury believe from the evidence in this case beyond a reasonable doubt that the bale of cotton sold to J. J. Waits in Sumrall was the same bale which was stolen from the depot at Bassfield and was the property of S. S. Dale & Sons, then the jury should find the defendant guilty as charged in the indictment."

The first objection to the foregoing instruction, is that it is assumed that the bale of cotton in question was actually stolen. I do not think that there is any merit in this objection, for the reason that the evidence certainly shows that the cotton was stolen. There is no evidence to the contrary. The same being true, we think that the court had a right to assume that this fact had been proven.

The second objection, which is the more serious in my opinion, is that the instruction tells the jury that they must find the defendant guilty if the cotton recently stolen was found in his possession. In other words, counsel for the appellant contends that under this instruction the court told the jury that the recent possession of the stolen goods was conclusive evidence of guilt. If this is the meaning of this instruction, of course it is erroneous under previous holdings of this court. The first part of this instruction

down through the phrase: "The jury may infer guilt" is correct, as has been approved by the court in the case of *Autman* v. *State,* 89 So. 265. The latter part of the instruction under consideration may be technically incorrect if considered alone. But in my opinion, when the entire instruction is considered as a whole, the jury could not have been misled by the instruction.

The entire record in this case will show that the conviction was proper and we respectfully submit that the judgment of the lower court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Appellant was indicted, tried, and convicted for stealing a bale of cotton and sentenced to the penitentiary for a term of three years, from which judgment he prosecutes this appeal.

The evidence shows that one W. F. Whitehead sold to S. S. Dale & Sons, a corporation, five bales of cotton. The cotton was ginned at a gin at Prentiss, Miss., in which town Dale & Sons did business. The cotton was sold on sample and was delivered to the railroad company at the station, being placed on the platform. The bale of cotton in question was a three-hundred-pound bale and was bought by Dale & Sons for thirty-eight cents per pound, and graded strictly low middling. The bale of cotton was stolen, or at least disappeared from the platform where it had been placed, in the latter part of October; the precise date not being fixed in the testimony. On the 27th day of October the appellant sold to one Waits at Sumrall, Miss., a three-hundred-pound bale of cotton at thirty-four cents per pound, which was also graded by Waits as strictly low middling. The appellant lived on a place of one B. Stringer, and Stringer testified that the appellant raised two bales, or at least that was all that he saw raised on the place, and that Sorrels did not work any other land. He further testified that he had information that Sorrells had more cotton, but did not know whether the information was

true. It was further shown in the evidence that when the appellant carried the cotton to Sumrall and sold it, he was driving a one-horse wagon; and the proof shows that he borrowed this horse and wagon on Friday evening and returned it to the owner Monday night, and that the owner of the horse and wagon heard that the bale of cotton was stolen about a week after that time. Others prove that it was about sixteen miles to Sumrall from where the appellant lived and about three miles from where Dale & Sons' store was.

Another witness testified that he saw Sorrells in Sumrall in the latter part of October, 1919, and that he was driving a one-horse wagon which the appellant said belonged to one Thurman, and that at the time he did not have the bale of cotton. Also it is in proof that Sorrells sold the cotton to Waits and that the cotton had been sampled on each side.

There was no proof of any particular marks on the cotton by which it could be identified, and it is not proven that Sorrells was in the town from which the cotton was stolen, or from which it disappeared, at or near the time of the theft, if it were stolen, nor were any tracks traced from said place to Sorrells' home or any other circumstance which would tend to show that Sorrells was in or near the place where the cotton was stored on the platform.

In the case of *Byrd* v. *City of Hazlehurst,* 101 Miss. 57, 57 So. 360, in discussing a case depending upon circumstances for conviction the court said:

"After a thorough consideration of this record, we are convinced that under the facts of this case, and the well-settled rules of criminal law, there is nothing in this record showing that the possession of this liquor by the defendant was with any intent to violate the law. . . . The facts may raise a suspicion; 'but the wisdom of the law is such that it refuses to allow any person to be punished for a crime, however strong and well-founded may be the suspicion.' There must be proof."

In *Hogan* v. *State*, 127 Miss. 407, 90 So. 99, the rule for testing the sufficiency of circumstantial evidence is set forth, quoting from *Algheri* v. *State*, 25 Miss. 584, Morris' State Cases, 658:

"It is always insufficient where, assuming all to be proved which the evidence tends to prove, some other hypothesis may still be true, for it is the actual exclusion of every other hypothesis which invests mere circumstances with the force of truth. Whenever, therefore, the evidence leaves it indifferent, which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be."

Measured by this rule, the facts in the record before us are utterly inadequate to establish the guilt of the appellant. See, also, *Jackson* v. *State*, 118 Miss. 602, 79 So. 809.

The judgment of the lower court will be reversed, and appellant discharged.

Reversed, and appellant discharged.

*Reversed.*