## ROBINSON *v.* STATE.

(Division B.   Feb. 7, 1938.)

[178 So. 588.   No. 33045.]

A. S. Scott, of Laurel, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.**, delivered the opinion of the court.

Appellant was indicted, tried, and convicted of the larceny of "ten brass hose nozzles of the personal property of E. L. Bruce Company, a corporation." An allegation of ownership and the name of the owner must be set forth in an indictment for larceny, unless facts be averred therein which will explain and excuse the omission; and when the name of the owner is stated, as here, the proof must show that the thing charged to have been stolen was the property of the person so named as owner. Sixteen brass hose nozzles were stolen from E. L. Bruce Company, Incorporated, some time between Saturday noon and early the following Monday. The nozzles had stamped upon them the trade-mark "Simmons." On Monday afternoon there were discovered in the place of business of a junk dealer, in the same town, many pieces of brass hose nozzles, the number not being definitely shown in the record, which had been partly melted and badly battered out of shape and broken, but there was still discernible upon some of them the trade-name "Simmons." Upon inquiry it was found, as

a fact, that this brass had been sold to the junk dealer that morning by a man named Barlow, and that Barlow had acted as the agent therein of appellant, the brass so sold having been delivered to Barlow by appellant for that purpose early Monday morning.

There was no witness who had seen appellant at or near the Bruce Company plant; there were no tracks to be followed or other proof of that nature. Because of the damaged condition of the nozzles, witnesses were unable to identify them, or the pieces thereof, as those stolen from the Bruce Company except solely by the aforementioned trade-mark. And to close this gap, it was attempted to be proved that there was no other person, firm, or corporation in that vicinity who had Simmons fire equipment. If there were no other persons, firms, or corporations within the reasonable or probable range of the activities of thieves of this sort of property, measuring from the junk store where sold, who owned or had missed Simmons brass hose nozzles, this was a tangible physical fact capable of positive proof; and while it may have required time, trouble, and some expense to make that character of proof, the rules respecting competent and dependable evidence are not to be relaxed on that account.

The only witness who was interrogated upon the stated subject was asked the question: ''Are there other companies who handle the same equipment?'' To this the witness answered: ''I do not think there are any others who handle the same.'' This was an issue capable of positive proof, as already mentioned, and the proof was required, therefore, to be so made. A witness who testifies on the quoted terms obviously commits himself less conclusively than by a direct and positive affirmation. 2 Moore on Facts, p. 1412. When such an expression is referable to the degree of positiveness of the witness' recollection, the evidence is receivable for what it is worth; but when it may signify that the witness has never had personal knowledge of the

particular fact, but has a more or less definite impression otherwise gained, as by hearsay, common repute, or the like, such evidence is in substance no evidence at all, when tangible physical facts are being inquired about. 1 Wig. Ev., pp. 1060-1062. It cannot be told, under this record, whether the quoted answer is to be placed within the first or whether in the second of the above categories; wherefore it is insufficient to sustain the issue to which it was directed. The gap in the evidence respecting ownership of the property found in appellant's possession was not closed, as it was essential to do, and the verdict and judgment cannot be allowed to stand. Compare Ezell v. State, 158 Miss. 343, 130 So. 487, and cases therein cited.

Reversed and remanded.