INZER, Justice:
Appellant Claude Lewis Evans was convicted in the Circuit Court of Scott County for the crime of grand larceny. He was sentenced to serve a term of three years in the State Penitentiary. From this conviction and sentence he appeals. We reverse and render.
On January 19, 1970, twelve head of cattle were stolen from Noey Vaughn’s pasture south of Morton. The sheriff and investigating officer from the cattle theft division of the State Highway Patrol investigated. The only clues found at the scene were some truck and trailer tracks in the mud and a damaged loading chute. The following June one of the investigating officers was going through the records of the Livestock Producers Sale Barn in North Jackson and located a sale of twelve head of cattle bearing a close description of those stolen. The record at the sale barn ostensibly established that four head of the cattle were brought in for sale by a person giving the name of F. H. Evans and the other eight head were brought in by one L. Evans. Both parties giving an address as Route 1, Mendenhall. No one at the sale barn could identify the person bringing in the cattle, and no one knew whether they were brought in by one or more persons. Eleven head of the cattle were sold to processors or out of state buyers. One red medium sized cow was sold to Emerson Myers of Pelahatchie. Myers still had the cow and Vaughn identified the cow as being his, and one that was stolen from him at the time the other eleven head were stolen.
The record at the sale barn revealed that a check had been issued to F. H. Evans, Route 1, Mendenhall, in the amount of $513.52 for four head of cattle. The cow purchased by Myers was in this group. The cancelled check was endorsed on the back one item below the other as follows: “F. H. Evans: C. L. Evans: 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 DL: Account Number 305-573-6: 2526 Old Brandon Road.” Another check was *620issued payable to L. Evans for $906.01 for eight head of the cattle, and it bore an endorsement L. Evans.
The evidence established that both checks were cashed at the Rankin County Bank. Mr. Charles Mohler, Vice-President at the Rankin County Bank testified that Claude Lewis Evans with an address of 2550 Burma Drive had an account at the . ank, but it was closed on October 16, 1969. The closed account bore the same number as shown on the back of the can-celled check. Neither Mr. Mohler nor anyone at the bank could identify appellant as the person who cashed the check. The court erroneously allowed John Edwards, cattle theft investigator of the State Highway Patrol, to testify over the objection of the appellant that he examined the records at the Mississippi Highway Patrol headquarters and that Claude Lewis Evans’ driver’s license number bore the same number as shown on the back of the check. He also testified that the appellant lived at the address shown on the check. The state did not offer any other evidence to connect the appellant with the crime. No one testified to his ever being seen at the sale barn, and no one testified that he had ever been near the farm from which the cattle were stolen. It was not shown that he had a truck or that he had access to one.
After the court overruled appellant’s motion for a directed verdict, appellant presented evidence by other witnesses attempting to establish an alibi. One witness who was familiar with his handwriting and signature testified that in his opinion the signature on the cancelled check was not the signature of the appellant. The state offered no evidence to rebut this evidence.
Appellant assigns as error nine grounds for the reversal of this case, some of which are well taken, but in view of the decision we have reached, it is only necessary to discuss one error assigned. We are of the opinion that the trial court was in error in overruling appellant’s motion for a directed verdict. The state contends that it established by circumstantial evidence that the appellant was in recent possession of stolen property and in the absence of a reasonable explanation of such possession, the jury was justified in inferring guilt therefrom. While recent possession of stolen property may be established by circumstantial evidence, it must exclude every other reasonable hypothesis. Whenever, as here, the evidence leaves it uncertain which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, it does not amount to proof that appellant was in recent possession of stolen property. Sorrells v. State, 130 Miss. 300, 94 So. 209 (1922).
In Wade v. State, 175 Miss. 434, 167 So. 617 (1936) Wade was charged with stealing two mules in Calhoun County. The evidence established that the mules were carried in Wade’s truck to Meridian by a person who worked with Wade. The mules were placed in the sales barn in the name of Wade and sold in the ring. The check for the purchase price of the mules was made payable to Wade and mailed to him. He carried it to a bank in another town other than the one .in which he lived, where he deposited it in a new account which he opened at that bank. Later the sheriff came to his home investigating the crime. Wade then went to Meridian and found the mules, purchased them back and returned them to the owner. He was tried and convicted and upon appeal, we reversed and discharged the appellant. In so doing, we said:
The contention of the state that recent possession of stolen property by the accused is a circumstance for the jury’s consideration, and, in the absence of a reasonable explanation of such possession by the accused the jury may infer guilt therefrom, is without merit. There is no proof of recent possession of the stolen property by the appellant. The cases of Harris v. State, 61 Miss. 304; Cook v. State (Miss.), 28 So. 833; Harper v. *621State, 71 Miss. 202, 13 So. 882; Wood v. State, 155 Miss. 298, 124 So. 353; and Fletcher v. State, 168 Miss. 361, 151 So. 477, have no application here. Other jurisdictions do not go so far as to adopt the rule which is'now settled in this jurisdiction, and we cannot extend that rule beyond its fair intendment.
In a larceny case, there must be proof that the property described in the indictment was stolen, that the property found in the possession of the accused was the stolen property, and that the possession was recently after the larceny. 36 C.J., p. 867, § 427. On page 869 of the same section we find the following statement of the rule, which is applicable here: “The limitations are that accused’s possession must be proved to have been personal, conscious, and exclusive and unexplained by any direct or circumstantial evidence which would rebut the presumption of a taking by accused.”
In this case the burden was on the state to show that the accused in some manner known to the law was in conscious possession of the property alleged to have been stolen. There may be grave suspicion here, but a conviction of larceny may not rest thereon. The appellant was entitled to the peremptory instruction requested. (175 Miss, at 441, 442, 167 So. at 618, 619).
Here, as in Wade, the evidence on behalf of the state is insufficient to establish recent possession of stolen property by appellant. In McLain v. State, 198 Miss. 831, 24 So.2d 15 (1945), a car was stolen in Clarksdale and later it was found in Clarksdale. It had been driven about 692 miles. The car was processed for fingerprints and the thumbprint of McLain was found on the rearview mirror and he was convicted of stealing the car. There was no other evidence connecting him with the crime. He had not been seen in Clarksdale the night the car was stolen or on the day it was found. In reversing and discharging McLain we said:
In the case before us here the sole and only proof against appellant consists of a thumb-print on the rear-view mirror, which is conclusive evidence of his identity, and that he had been in the car for some purpose; but evidence of identity and of presence alone is not equivalent to evidence of guilt of a particular crime, especially where several crimes could have been committed as to this car, but as to which a certain charge was made. The thumb-print here was not declaratory, as stated supra, of the nature of the crime, since it was not aided by other evidence identifying the particular crime, and did not exclude other crimes. (198 Miss, at 836, 24 So.2d at 16).
Assuming that the evidence in this case was sufficient for the jury to find that the appellant was the person who cashed the check at the bank, this fact alone is not sufficient to establish that the appellant was in recent possession of the stolen property. Several crimes could have been committed after the cattle were sold. The fact that appellant cashed the check would have not been declaratory of the nature of the crime, since it was not aided by any other evidence identifying the particular crime that appellant might have committed.
We are of the opinion that the evidence in this case is insufficient to establish that appellant was in possession of recent stolen property and the trial court should have sustained his motion to exclude the evidence and direct the jury to find the appellant not guilty. For this reason this case must be reversed and appellant discharged.
Reversed and appellant discharged.
GILLESPIE, P. J., and RODGERS, JONES and BRADY, JJ., concur.