INZER, Justice:
Appellant Edsel A. Griffin in conjunction with others was indicted by the Grand Jury of Forrest County for the crime of grand larceny. Appellant was granted a severance and was tried and convicted. He was sentenced to serve four years in the State Penitentiary. From this conviction and sentence he appeals. We reverse and discharge appellant.
The evidence on behalf of the state established that sometime after 11 p. m. on September 7, 1972, a 1966 maroon colored Mustang bearing tag No. 24B-18147 and identification number VIN #6R07T224650 was taken from where it was parked off the street at 215 South 27th Avenue in Hattiesburg. The car belonged to Donald Peterson but was in the possession of and being used by his son Michael Peterson, who was a student at the University of Southern Mississippi. Michael testified that when he came in about 11 p. m. that night the car was where he had parked it about 9 o’clock that same night. When he parked it he had removed the keys. The next morning it was gone, and he notified the police giving them the description of the car and the tag and identification number. He said that he had not seen the car since, but has been informed that it was in Wichita, Kansas.
Barbara Jean Brown, a coindictee, testified that she and Marlene Griffin, wife of appellant, drove to Hattiesburg on September 6, 1972, from New Orleans and registered at the Southernaire Motel in Hattiesburg. The next morning they were joined by appellant, his brother John Griffin and Chuck Rudd. She said the five of them slept until about 9:30 p. m. at which time they separated and went out to eat. When she came back about thirty minutes later, appellant and his wife had also returned. They stayed in the room until about 11:30 at which time Chuck Rudd returned and told appellant, “I have you a car.” Barbara said that Rudd threw appellant the keys to the car and told him that the ignition was broken and it was hot-wired, whereupon she and the others asked Rudd if the car was stolen, Rudd said it was not and he had a piece of paper to prove he bought the car. Barbara said that they then packed up and left the motel about 12:30 a. m. and at that time she saw the car that Rudd had brought to the motel. She described it as being a red or burgundy Mustang. She did not know the tag number or the identification number of the *611 car. She said appellant and his wife drove away in the car, and they all went to Ft. Smith, Arkansas, and then on to Wichita, Kansas, where they were arrested.
Police Lieutenant Ray Hendricks testified that a complaint was filed on September 8 with the police department by Michael Peterson relative to the stolen automobile and later he was informed that an automobile of that description was in custody in the police department in Wichita, Kansas.
Deputy Sheriff Skipper Kemp testified that he went to Wichita, Kansas, and picked up appellant who was in the custody of the police department there and brought him back to Hattiesburg. Apparently, he made no investigation in Wichita, Kansas, in order to determine the identity of the car in possession of the accused.
After the state rested appellant made a motion for a directed verdict and in his motion specifically pointed out that there was no evidence to show that the car in possession of appellant was the car which was stolen in Hattiesburg. The trial court overruled the motion and appellant rested without introducing any evidence.
Appellant assigns several grounds for reversal of this case, some of which are well taken, but in view of the decision that we have reached, it is necessary to discuss only one error assigned. We are of the opinion that the trial court was in error in refusing to grant appellant’s motion for a directed verdict. There was no proof that appellant was anywhere near the place from where the automobile was taken and the state relies on the inference or presumption to be inferred from the possession of recently stolen property. Under these circumstances the burden of proof is upon the state to prove beyond a reasonable doubt that the car described in the indictment was stolen, that the property found in possession of the accused was the stolen property and that the possession was recently after the larcency. Wade v. State, 175 Miss. 434, 167 So. 617 (1936). There is no doubt that Mr. Peterson’s 1966 Mustang was stolen, but there is no direct evidence that the car found in possession of the appellant was the stolen property. The general rule is that the burden of proof is upon the state to identify the property found in possession of the accused as being the stolen property for the theft of which he is indicted and this must be done by the most direct and positive testimony of which the case is susceptible. If the car in possession of appellant when he was arrested in Wichita, Kansas, was the car stolen from Mr. Peterson, it was susceptible of direct and positive proof. In Robinson v. State, 180 Miss. 774, 178 So. 588 (1938), the defendant was charged with stealing ten brass fire hose nozzles, the property of E. L. Bruce Company, Inc. The nozzles had stamped upon them the trademark “Simmons.” The nozzles were taken between Saturday noon and early the following Monday. On Monday afternoon many pieces of brass nozzles were found in the possession of the junk dealer, and some of the pieces had the trademark “Simmons” on them. The brass had been sold to the junk dealer by an agent of appellant. There were no witnesses who had seen appellant near the Bruce plant or any proof of that nature. No witness was able to identify the nozzles or pieces thereof as being those stolen from the Bruce company except as to the trademark. No proof was offered to show that there were any other persons within reasonable or probable range that had Simmons fire hose nozzles. The only witness interrogated on the subject said that he did not think that there were any others who handled this same brand. This Court pointed out that this was a tangible, physical fact capable of positive proof and while it may have required some trouble and expense to make the character proof, the rule requiring competent and dependable evidence is not to be relaxed on that account. The Court also pointed out that when a witness has never had any personal knowledge of a particular fact but an impression gained by *612 hearsay, common repute, or the like, such evidence in substance is no evidence at all, when tangible physical facts are being inquired about. The Court held that the gap in the evidence respecting the ownership of the property found in appellant’s possession was not closed as it was essential to do. In the case before us we are of the opinion that .the state likewise failed to meet its burden to show that the car found in the possession of appellant was the stolen car.
Here as in Robinson the circumstantial evidence that the car found in possession of appellant was the stolen car is not sufficient. As above pointed out the identification of the car found in the possession of appellant as the stolen car was capable of direct and positive proof. Instead of producing such direct and positive proof the state chose to rely wholly upon circumstantial evidence to establish that the car in possession of appellant was the stolen car. However, the circumstantial evidence is not sufficient to establish the guilt of the appellant beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. In Sorrells v. State, 130 Miss. 300, 94 So. 209 (1922), the state attempted to prove by circumstantial evidence that a bale of cotton sold by Sorrells was a bale of cotton stolen from a railroad platform. This Court in holding that the evidence was insufficient to establish the guilt quoted an often quoted statement from Algheri v. State, 25 Miss. 584 (1853), wherein it is stated:
It is always insufficient where, assuming all to be proved which the evidence tends to prove, some other hypothesis may still be true, for it is the actual exclusion of every other hypothesis which invests mere circumstances with the force of truth. Whenever, therefore, the evidence leaves it indifferent, which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. (130 Miss, at 305, 94 So. at 209).
While the evidence on behalf of the state raises a strong suspicion that the car in possession of appellant was the stolen automobile, a conviction of larceny cannot rest upon suspicion.
For the reasons stated, this case must be reversed and appellant discharged.
Reversed and appellant discharged.
RODGERS, P. J„ and PATTERSON, ROBERTSON, and WALKER, JJ., concur.